MARY V. VERNER *v.* SALLIE J. VERNER.

|  |  |
|---|---|
| 64 | 321 |
| f92 | 42 |

SLANDER. *Action against witness. Section 1004, Code of 1880, considered.*

The immunity of a witness in a judicial proceeding from liability to an action for slander is not affected by ¿ 1004, Code of 1880, which provides that "all words which, from their usual construction and common acceptation, are considered as insults, and lead to violence and breaches of the peace, shall hereafter be actionable; and no plea, exception, or demurrer shall be sustained in any court within this State to preclude a jury from passing thereon."

APPEAL from the Circuit Court of Monroe County.

HON. J. W. BUCHANAN, Judge.

Mary V. Verner brought this action for damages against Sallie J. Verner, for slander. The declaration alleges that the defendant testified against plaintiff in a cause before the chancery court, in which plaintiff was seeking alimony from her husband, Geo. P. Verner; that the testimony complained of (and set out in the declaration) was false; that it was given in malice and not in good faith as a witness; and that the words "from their construction and common acceptation are considered as insults, and lead to

violence and breaches of the peace." To this declaration the, defendant demurred, on the ground that a witness in a cause is absolutely privileged from an action for slander or libel for anything sworn to as such. The court sustained the demurrer, and the plaintiff appealed. Section 1004, Code of 1880, provides that "all words which, from their usual construction and common acceptation, are considered as insults, and lead to violence and breaches of the peace, shall hereafter be actionable; and no plea, exception, or demurrer shall be sustained in any court within this State, to preclude a jury from passing thereon, who are hereby declared to be the sole judges of the damages sustained; *provided*, that nothing herein contained shall be construed to deprive the several courts of this State of the power of granting new trials, as in other cases."

*Houston & Reynolds*, for the appellant.

The ground of the demurrer is that the words complained of in the declaration were *uttered* and *published* by the defendant as a sworn witness in a cause depending in a court of justice, having jurisdiction thereof, in answer to a question regularly propounded to her upon a point pertinent to the issue therein involved, and were therefore "absolutely privileged," and not actionable.

· We assume that by the plain letter of the statute under which the suit was instituted (§ 1004, Code of 1880), the defendant was not "absolutely privileged" in the sense intended by the language of the demurrer.

This statute makes no exception in favor of any particular words or phrases, provided their ordinary construction and common acceptation make them words of insult and they tend to produce violence and breaches of the peace. Nor is any exception granted in favor of any individual who may use them, or under what circumstances used. These are things to be inquired of, investigated, weighed, and disposed of by a jury, who are declared to be the sole judges of the damages sustained.

The statute has not even exempted or left exempt litigants, witnesses, or even attorneys managing or testifying in causes, but has handed all who use such words, whether oral or written, over to

the juries for their awards, as they on a full and impartial investigation may adjudge their deserts.

If the occasion is used merely as a means of enabling the party uttering the slander to indulge his malice, and not in good faith to perform a duty or make a communication useful and beneficial to others, the occasion will furnish no excuse. *Sands* v. *Robinson,* 12 S. & M. 711; *Brady* v. *Keath,* 12 Pick. 163; *Bromage* v. *Prosser,* 4 Barn. & Cress. 247; Starkie on Slander 200.

*Sykes & Bristow,* for the appellee.

We will not go to the length that we might legally go, and claim that "an action of slander cannot be maintained for *anything* said or otherwise published, either by a judge, a party, or a witness, in the due course of judicial proceeding, whether criminal or civil." Starkie on Slander 254.

All that is necessary for us to claim is that when words are spoken by a witness in answer to questions propounded to him in the course of judicial proceedings, *material and pertinent to the issue involved,* "no matter that the testimony may be in fact untrue, or that he be actuated by malice, or that loss ensues by reason of his testimony, *in no event* can an action of slander be maintained against him for any statement made as a witness." Townsend on Slander and Libel, § 223.

In fact, it makes no difference whether the testimony is material or not. "The witness is not bound to determine the materiality of the evidence, and he may answer, without liability for so doing, questions put to him and not objected to or not ruled out by the court. The fact that the testimony is irrelevant, or that the witness is influenced by malice, will not render him liable to an action for slander." *Calkins* v. *Sumner,* 13 Wis. 193.

But, as we have said, we do not need to go so far. We need only to claim that *material and pertinent* testimony in a judicial proceeding is *absolutely* privileged, whether true or false, honest or malicious, whether given "in good" or "bad faith." We do not propose in this year of our Lord 1887 to give the *reason* for this rule. It is the *law,* and if counsel can find a single authority to the contrary, their researches have gone farther than ours. *Astly*

v. *Younge,* 2 Bur. 807; *Revis* v. *Smith,* 36 Eng. L. & E. 268; *Nelson* v. *Robe,* 6 Blackf. 204; *Grove* v. *Brandenburg,* 7 Blackf. 234; *Hastings* v. *Lusk,* 22 Wend. 414; *Garr* v. *Selden,* 4 Comstock 91; *Terry* v. *Fellows,* 21 La. Ann. 375.

The law as to "privileged communications" remains as it was before the enactment of § 1004, Code of 1880. Surely it will not be held that the legislature intended to abolish entirely the privilege of judges, parties, pleaders, witnesses, attorneys, etc., wherever the party aggrieved would simply insert in his declaration in slander (what in nearly every conceivable case of slander he could *truthfully* say), that the words complained of are usually "considered as insults, and lead to violence and breaches of the peace."

CAMPBELL, J., delivered the opinion of the court.

The immunity of a witness in a judicial proceeding from liability to an action for slander is not affected by § 1004 of the code. "Justice and the cause of good government would suffer if it were otherwise," and it is inconceivable that the legislature intended by the enactment of said section to inflict a blow on "justice and the cause of good government."

*Affirmed.*