HARDTNER *v.* SALLOUM.*

(Division A. Nov. 21, 1927.)

[114 So. 621. No. 26696.]

1. LIBEL AND SLANDER. *Allegation of conspiracy to cast cloud on complainants' title, in suit to remove cloud on title, held pertinent, material, and necessary to issue presented, and therefore privileged.*

   Allegation that conveyance from grantor of complainants to her son was made pursuant to conspiracy between son and H. to cast cloud upon complainants' title and to cheat and defraud complainants by extorting money from them *held* pertinent, material, and necessary to issue presented in suit to cancel deed to son and remove cloud on title, and therefore privileged, where grantor, after conveyance to son, executed deed to complainants correcting original deed covering same property, thus giving notice to son that he was holding deed as cloud upon complainants' title.

2. LIBEL AND SLANDER. *Defamatory words in judicial proceedings must be pertinent or relevant to be privileged.*

   Defamatory words in judicial proceedings must be pertinent or relevant, in order to be privileged, and, when not pertinent or relevant to issue, they are not privileged, and an action will lie upon them.

3. LIBEL AND SLANDER. *Everything pertinent that pleader might need to buttress his case should be permitted to be set forth in pleading, without liability for libel.*

   Everything pertinent or relevant that pleader might possibly need to buttress his case should be permitted to be set forth in pleading presented to courts for redress of wrong or accomplishment of right, without making pleader liable for libel.

4. LIBEL AND SLANDER. *Deed casting cloud on vendor's title affected subsequent purchaser who, with vendor, filed bill containing alleged defamatory matter to set aside deed.*

   Deed casting cloud upon vendor's title, executed before defendant in libel suit purchased, affected title of defendant who, with vendor, filed bill, containing alleged defamatory matter, to cancel deed and remove cloud on title.

5. LIBEL AND SLANDER. *Question of relevancy of alleged defamatory matters contained in pleadings, when in issue, is question of law for court, and courts favor liberal rule regarding relevancy necessary to make them privileged.*

Question of relevancy or pertinency of alleged defamatory matters contained in pleadings, when in issue, is never for jury, but is question of law for court, and courts favor liberal rule as to degree of relevancy or pertinency necessary to make such matters privileged.

*Corpus Juris-Cyc. References: Libel and Slander, 36CJ, p. 1251, n. 20, 25, 26, 30; p. 1253, n. 60, 61; p. 1254, n. 65, 68, 69.; 37CJ, p. 108, n. 10; Quieting Title, 32Cyc, p. 1318, n. 74. On the question of relevancy of matter contained in pleading as affecting privilege within the law of libel, see annotation in 16 A. L. R. 746; 42 A. L. R. 878; 17 R. C. L. 336; 3 R. C. L. Supp. 657; 4 R. C. L. Supp. 1121. Relevancy of matter in pleading question of law for the court, 16 A. L. R. 750; 17 R. C. L. 336.

APPEAL from circuit court of Harrison county.

HON. W. A. WHITE, Judge.

Action by W. F. Hardtner against George Salloum. From a judgment dismissing plaintiff's cause, he appeals. Affirmed.

*T. M. Evans* and *T. J. White,* for appellant.

While the law is well settled in Mississippi that the allegations and matters contained in the pleadings as between the parties to the suit in the testimony of witnesses given on the hearing are privileged communications and no action at law can be sustained against the pleader or witnesses for defamation of character on account of the testimony given of the allegations contained in the pleading, the courts of Mississippi have never before held and we hope that they never will hold that a party to a suit can willfully, falsely and maliciously publish in any pleading scandalous or irrelevant matter against all of the opposite parties' kinfolks, neighbors and friends as privileged communication.

The matters charged as to this appellant are alleged in the declaration to have been false and willfully published which is admitted to be true by the demurrer. This appellant was not a party to the suit or in any manner connected with it. Anything this appellant could have said or done could not have effected the appellee in this cause, from whom it is charged that this appellant had conspired with others to extort money, as the appellee herein was not the owner of the land at the time the alleged deed of February 8th was secured by B. B. Burrill.

The only issue involved in the case was whether or not Mrs. S. E. French was the equitable owner of the land conveyed to B. B. Burrill by Mrs. Burrill on the 8th day of February, 1926, and if she was the quitable owner then, did B. B. Burrill secure his deed without a valuable consideration and without knowledge of the fact that Mrs. S. E. French was the equitable owner of said property?

This appellant was not a party to the proceedings and had no opportunity to appear and defend the suit, and thereby exonerate himself from the scandalous allegations contained in the bill of complaint.

The question of privileged communication is thoroughly discussed in the case of *Hines* v. *Shumaker,* 97 Miss. 669, 52 So. 705. See, also, *Abraham* v. *Baldwin,* 52 Fla. 151, 42 So. 591, 10 L. R. A. (N. S.) 1051; Odgers on Slander and Libel, pp. 286, 287; Cook on Defamation, 35; Newell on Slander and Libel (2 Ed.), 108, 65 and 67.

There is no reason peculiar to court proceedings that would render everything contained in a proceeding a privileged communication, without regard to the persons mentioned, and notwithstanding they were not parties to the suit and had no opportunity to answer the malicious and libelous matter or whether they had any interest in the suit or not. It will be a vain thing for the courts to hold that a malicious person may file a suit against one individual and because it is a court proceeding, he may proceed to slander the good name and

reputation of any and every person in the community. *Kemper* v. *Fort,* 219 Pa. St. 85; 17 R. C. L., par. 83, pp. 335-336; *Ruohs* v. *Backer's Next Friend* (Tenn.), 19 Am. Rep. 558 to 603; *Jones* v. *Brownslee* (Mo.), 53 L. R. A. 448;

"Contrary to the doctrine of the English courts, the American courts generally have established the rule that matter inserted in a pleading in a civil action is not absolutely but only conditionally or qualifiedly privileged; that is, the alleged libelous matter is privileged when, and only when, it is relevant or pertinent to, or connected with the subject-matter of the litigation." 12 Eng. & Am. Ann. Cas. 1026, and cases there cited.

*R. A. Wallace* and *J. L. Taylor,* for appellee.

The statements made in the bills of complaint to which the appellant makes objection and on which he seeks to found his suit, were absolutely privileged, because the statements were pertinent and relevant to the subject-matter then under inquiry. 17 R. C. L., sec. 83, p. 336; *Wilson* v. *Sullivan,* 81 Ga. 238; *Gaines* v. *Aetna Insurance Co.,* 104 Ky. 695; *Jones* v. *Brownlee,* 161 Mo. 258; *Crockett* v. *McLanahan,* 109 Tenn. 517.

In *Abbott* v. *National Bank of Commerce, et al.,* 44 L. Ed. 217, the supreme court of the United States upheld this rule and said: "The trial court, on motion for judgment on the pleading, dismissed the suit upon the ground that the facts stated did not constitute a cause of action, and because the matter alleged to be libelous was privileged." Under the statement of the facts in that case, we regard it as decisive of the case at bar. See, also, Newell on Slander and Libel (3 Ed.), sec. 516, p. 513.

Replying to the brief of counsel for appellant, and the numerous authorities cited by him, it seems fair to say that in the main he is proceeding on the theory of qualifiedly privileged communications, and not on those matters that are absolutely privileged, but in the first au-

thority referred to of 12 Ann. Cas. 1026, he states the rule in the quotation to be: "that is, the alleged libelous matter is privileged when, and only when, it is relevant or pertinent to, or connected with, the subject-matter of the litigation."

The action of the court in sustaining the demurrer and dismissing the declaration was proper.

McGOWEN, J., delivered the opinion of the court.

W. F. Hardtner, appellant here, filed his declaration in the circuit court of Harrison county, alleging damages on account of certain libelous matter contained in a chancery court bill filed by George Salloum and another against Hardtner and others, in the chancery court of Harrison county. A demurrer was interposed and sustained to the declaration, and, the court having offered the plaintiff further time in which to plead, and the plaintiff having declined to plead further, the cause was finally dismissed, and appeals here.

The bill in chancery, certain parts of which were charged to be libelous and maliciously false, was made an exhibit to the declaration, and the main feature of the bill was to cancel a certain deed and to remove a cloud from the complainant's title. This bill was originally filed by *Mrs. S. E. French and George Salloum* v. *B. B. Burrill*. At the same January, 1927, term, an amended bill was filed by the same complainants in which W. K. Ferguson was made a party defendant, which amended bill was of the same tenor and effect as the original bill. Both the original and amended bills charged that George Salloum had purchased from Mrs. S. E. French, his cocomplainant, lots 13 and 14, block 23, of Standard Land Company's addition to Gulfport, Miss., except a certain portion to which he had already acquired title; and further charged that this deed was executed by Mrs. French to Salloum on the 12th of February, 1926; that Salloum had executed in favor of Mrs. French a deed of trust to

secure the payment of three promissory notes, each for five thousand dollars, part of the purchase price of this land. The bills further alleged that, in pursuance of an option granted by Mrs. E. S. Burrill to J. C. French on March 1, 1920, said Mrs. Burrill, joined by Mrs. Clara B. Hardtner, executrix of the estate of E. S. Burrill, conveyed to J. C. French and Mrs. S. E. French all of said lots 13 and 14, but, by error, a strip in the northeast corner of lot 14, ten by thirty feet, was omitted from the description.

The bill charged that it was the intention of the parties to convey all the interest of Mrs. Burrill in said two lots, and that, by mutual mistake, this strip aforesaid, ten by thirty feet, was omitted from said description; and that, on the 8th day of February, 1926, Mrs. Burrill, the original grantor named here, conveyed to her son, B. B. Burrill, all of her interest in the above-described property, J. C. French having died prior to that time, and that, when called upon, after she had made the deed to her daughter, Mrs. Burrill executed a deed in favor of Salloum, in an effort to correct the error.

The bill prayed for a removal of the cloud upon the title of complainant on account of the deed from Mrs. Burrill to B. B. Burrill, and also prayed for a cancellation of that deed.

We shall quote, *in extenso,* the parts of the bill which affect the plaintiff in the libel suit here pending, setting forth the language charged in the declaration to be libelous and false:

"The complainants aver that Mrs. Josephine A. Burrill, who is also known as Mrs. E. S. Burrill, is an aged and infirm person and is the mother of the defendant and of E. J. Burrill, and Mrs. Clara E. Burrill Hardtner, wife of W. F. Hardtner; that the complainants are informed and believe, and from such information and belief they charge the fact to be that the said Mrs. Burrill reposes complete confidence in her said children, and that the said Mrs. Burrill does not possess sufficient business acumen

to protect herself from such trickery as her said children may desire to impose upon her; . . . then and there conspired and confederated among themselves and with each other to cheat and defraud the complainant, Mrs. S. E. French, and her said husband, J. C. French, by obtaining from the said Mrs. Burrill, their mother, a conveyance to the defendant, . . . by which the defendant intended and still intends to extort money from the complainants; and the complainants charge, as they are informed and believe, that the said E. J. Burrill, Mrs. Clara E. Burrill Hardtner, and W. F. Hardtner, has aided and are still aiding and assisting the said defendant in his said purpose, . . . the said defendant aided and assisted by his said brother, sister, and brother-in-law, in pursuance of the aforesaid conspiracy and confederation for the aforesaid purpose, well knowing that Mrs. Josephine A. Burrell was of the firm opinion and belief that she had conveyed to the complainant, Mrs. S. E. French, and her husband, J. C. French, . . . and well knowing that the complainant, Mrs. S. E. French, was of the same opinion and belief, either surreptitiously obtained the signature of the said Mrs. Burrill to a deed of conveyance. . . . The complainants further aver that the defendant, in pursuance of his unlawful purpose, as aforesaid, placed said deed of record for the purpose of casting a cloud upon the title to said property; . . . that, if the said Mrs. Burrill did sign said deed she was unaware of the fact, and the same was without consideration, and is void; . . that the said Mrs. Burrill reposes complete confidence in her said children, and that she does not possess sufficient business acumen to protect herself from such trickery as her said children may desire to impose upon her in the matters pertaining to her business, . . . by which the defendant, B. B. Burrill, Mrs. Clara E. Burrill Hardtner, and W. F. Hardtner, have aided and are still aiding and assisting the said defendant in his said unlawful purpose. . . . The complainants further charge, as they are informed and

believe, that on the 8th day of February, 1926, the said defendant, aided and assisted by his said brother, sister, and brother-in-law, in pursuance of the aforesaid conspiracy and for the aforesaid unlawful purpose, either surreptitiously obtained the signature of the said Mrs. Burrill to a deed of conveyance, or forged her name thereto, which conveyance purports to convey to the said defendant all of the interest of the said Mrs. Burrill in lots 13 and 14 of block 23, of the Standard Land Company's addition to Gulfport, Miss.''

The demurrer, as to each count of the declaration, set up the fact as causes therefor that the same showed·that the exhibit was a bill of complaint filed by Salloum in the chancery court of Harrison county, addressed to that court, in good faith, by the complainant, in which he sought the relief prayed for, as set forth in said declaration, and that the matters complained of were relevant to the subject to be adjudicated in said cause, and therefore said statements were and are absolutely privileged.

Counsel for appellant urge that the statements as to Hardtner, who was not named as defendant in the bill, that he was, together with the parties named in the bill, guilty of conspiracy, and many other charges, were not pertinent and relevant to the bill to remove the cloud from the title of complainant in the chancery court proceedings, or cancel the deed.

Let it be remembered that the deeds were all executed in the month of February, 1926, and the bill was not filed until the 6th day of December, 1926. Many months had passed, and the deed from Mrs. Burrill, the mother, to B. B. Burrill, the child, had remained on record, although the mother had undertaken to correct the error which had originally been made, and said deed remained on record uncorrected by the grantee, Burrill, until the filing of the bill in this case, so far as the record discloses.

When the deed from Mrs. Burrill to Salloum, correcting the original deed made in 1920 to Mrs. French, was recorded, thereby notice was given to B. B. Burrill that

his claim was repudiated by his mother, and that he was holding a deed as a cloud upon the title of Salloum. Mrs. French was Salloum's vendor, and both were financially interested in removing this cloud from the title.

We think the allegations, in the light of the circumstances alleged, were pertinent and material to the issue presented—the removal of the cloud from the title and cancellation of said deed constituting a cloud on the title.

Was the matter set forth, *supra,* in the chancery court bill privileged? Counsel for appellant contend that the complainants' chancery court bill could have secured their relief without making the charges against the other parties named, which charges constitute the libel.

The matter, as charged in the bill, certainly was pertinent to the issue and relevant to its maintenance, and we cannot say it was not necessary for the complainants to have charged what they conceived to be the facts, and we have already called attention to one circumstance that indicates that they were justified in charging that the deed to B. B. Burrill was being held as a cloud upon their title, without cause, and for sinister purposes, as set forth, as it appeared to complainant.

The fraud of the parties named, as alleged in the bill, would certainly be in aid of complainants' cause if there developed a sharp dispute as to whether or not a mutual mistake had been made, in view of the allegations that Mrs. Burrill, the original grantor, was aged and infirm and easily influenced by her relatives.

Cases of absolute privilege are divided into three classes: (1) Proceedings of legislative bodies; (2) judicial proceedings; and (3) communications by military and naval officers.

The defamatory matter complained of here was pertinent matter set forth in a pleading in a judicial proceeding. Newell, Slander and Libel (4 Ed.), section 357, states the rule as to the latitude permitted litigants, which we here set forth:

"Great latitude of remark and observation is properly allowed to all persons, both parties and counsel, in the conduct and management of all proceedings in the course of administration of justice. It is for the interest of the public that great freedom be allowed in complaints and accusations, however severe, if honestly made, with a view to have them inquired into, to have offenses punished, grievances redressed, and the laws carried into execution. And this extends, not merely to regular courts of justice, but to all inquiries before the magistrates, references, municipal, military, and ecclesiastical bodies."

The early English cases required the testimony of a witness to be relevant or pertinent to the matter in issue, in order to render it privileged; but it is now well settled in England that judges, parties, counsel, and witnesses are not liable in an action for defamatory words published in the course of judicial proceedings. What a judge says on the bench, and what a witness utters on the witness stand, and documents necessary to the cause, such as pleadings, etc., so long as in any way connected with the inquiry, are *absolutely privileged.*

It may be that justice and the right of every litigant to present his cause offers a strong argument for the adoption of the rigid English rule. There is much to be said in favor of it.

The American rule, however, as to the privilege of judicial proceedings, is more in accord with what appears to be a logical, sensible rule, and that is that the defamatory words must be pertinent or relevant, in order to be privileged, and, when not pertinent or relevant to the issue, they are not privileged, and an action will lie upon them. Newell, Slander and Libel (4 Ed.), section 359, and the authorities there cited. To the same effect is 17 R. C. L., section 83, p. 336. Also see case of *Abbott* v. *National Bank of Commerce,* 175 U. S. 409, 20 S. Ct. 153, 44 L. Ed. 217, where a pleading was held to be privileged by the lower court, and such holding was approved. To

the same effect is 36 C. J. 1251, section 225. In fact, counsel for the appellant agrees that this is the proper rule, but seems to plant himself upon the proposition that the allegations complained of are not pertinent or relevant, or that the charges were not necessary, so clearly were the complainants entitled to the relief prayed for. We have indicated that this position is untenable. The allegations were not only pertinent and relevant, but were material, and may have been necessary. When we remember that courts are to be liberal in permitting litigants to fairly present causes to the court, and that the judge of the court will control the litigation, and his decision will be, presumably, based upon fact, and not upon fancy or prejudice, everything pertinent or relevant that a pleader might possibly need to buttress his case should be permitted to be set forth in a pleading presented to the courts of this country for the redress of wrong or the accomplishment of right.

In the case of *Verner* v. *Verner,* 64 Miss. 321, 1 So. 479, Judge CAMPBELL disposed of an analogous question to the one presented here, where it was contended that section 1004 of the Code of 1880, which made certain words actionable, permitted a witness to be sued for defamatory language used by him in a court proceeding, and, because of the statute, the defamatory language was thereby not privileged, using the following language:

"The immunity of a witness in a judicial proceeding from liability to an action for slander is not affected by section 1004 of the Code. 'Justice and the cause of good government would suffer if it were otherwise,' and it is inconceivable that the legislature intended, by the enactment of said section, to inflict a blow on 'justice and the cause of good government.' "

Appellant says that Salloum had no interest in the property involved in the litigation at the time of the deed from Mrs. Burrill to her son, but the charge is that the deed was secured to cloud the title by virtue of the con-

spiracy alleged, and affected his vendor, consequently him.

Appellant further says that the demurrer admits plaintiff's charge in his declaration that the libelous matter was maliciously false. However that may be, if pertinent and relevant in a pleading in a judicial proceeding, it is absolutely privileged.

"The question of the relevancy or pertinency of matters contained in the pleadings, when in issue, is never left to the jury, but is a question of law for the court. As to the degree of relevancy or pertinency necessary to make alleged defamatory matter privileged, the courts favor a liberal rule. The matter to which the privilege does not extend must be so palpably wanting in relation to the subject-matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety." 17 R. C. L. 336.

We are of the opinion, therefore, that the demurrer to the declaration in this cause was properly sustained.

*Affirmed.*