SUGG, Justice,
for the Court:
This appeal is from an order of the Circuit Court of Forrest County sustaining defendant’s motion to dismiss plaintiff’s declaration for libel and slander on the ground that the action was barred by the statute of limitations prescribed by section 15-1-35 Mississippi Code Annotated (1972).
On December 9, 1977, Cornelius J. Lad-ner, plaintiff, filed a declaration against the defendant, Lawrence D. Arrington, in four counts. The first count charged that defendant filed a bill of complaint in the Chancery Court of Pearl River County in cause number 14582 falsely charging plaintiff with forgery, fraud and felonious conduct.
In the second count plaintiff charged that the cause came on for trial on December 9, 1976, at which time the false charges contained in the bill of complaint were repeated in open court by the defendant. Count one of the declaration charges the defendant with libel and count two charges him with slander.
An action for libel or slander is barred one year after the cause of action accrues. Section 15 — 1—35 Mississippi Code Annotated (1972).[1] The cause of action for the libel accrued on August 20,1976, and was barred one year later. The action for slander under count 2 accrued on December 9, 1976, but was not barred by the statute of limitations on December 9, 1977, the date plaintiff’s declaration was filed.
We hold the trial court erroneously dismissed the action because the slander charged in count two of the declaration was uttered and the declaration was filed within the statutory period. The court should have dismissed count one because the libel charged was uttered more than one year before the declaration was filed.
Each repetition of slanderous words is a distinct cause of action and if recovery *833 is sought for repeating a slander, the repetition must be sued on as a separate cause of action. However, under a single count for slander or libel, the plaintiff may show repetition of the slander or libel, not for the purpose of sustaining the action, but for the púrpose of showing malice in publishing the words declared upon thereby aggravating the damages. Jean v. Hennessy, 69 Iowa 373, 28 N.W. 645 (1886).
Since we are remanding this case, we call the attention of the parties and the trial court to Hardtner v. Salloum, 148 Miss. 346, 114 So. 621 (1927), where we held that defamatory matter set forth in a judicial proceeding is absolutely privileged and no action will lie for libel and slander based on such defamatory matter if the matter is relevant or pertinent to the issues involved in the case. We stated:
The American rule, however, as to the privilege of judicial proceedings, is more in accord with what appears to be a logical, sensible rule, and that is that the defamatory words must be pertinent or relevant, in order to be privileged, and, when not pertinent or relevant to the issue, they are not privileged, and an action will lie upon them. Newell, Slander and Libel (4 Ed.) section 359, and the authorities there cited. To the same effect is 17 R.C.L. section 83, p. 336. Also see case of Abbott v. National Bank of Commerce, 175 U.S. 409, 20 S.Ct. 153, 44 L.Ed. 217, where a pleading was held to be privileged by the lower court, and such holding was approved.

Appellant further says that the demurrer admits plaintiff’s charge in his declaration that the libelous matter was maliciously false. However that may be, if pertinent and relevant in a pleading in a judicial proceeding, it is absolutely privileged.
“The question of the relevancy or perti-nency of matters contained in the pleadings, when in issue, is never left to the jury, but is a question of law for the court. As to the degree of relevancy or pertinency necessary to make alleged defamatory matter privileged, the courts favor a liberal rule. The matter to which the privilege does not extend must be so palpably wanting in relation to the subject-matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety.” 17 R.C.L. 336. (Emphasis supplied). (148 Miss. at 355, 357, 114 So. at 624).
We reverse and remand for proceedings consistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.

. All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, and for libels, shall be commenced within one year next after the cause of such action accrued, and not after.