Don **WILDMON**, Plaintiff,

v.

**HUSTLER MAGAZINE, INC.,** Larry Flynt, Ed Miller and John Ferguson, Defendants.

No. EC 79-225-OS-P.

United States District Court, N. D. Mississippi, E. D.

Dec. 12, 1980.

James P. Cothren, Cothren, Pittman & Ferrell, Jackson, Miss., for plaintiff.

Alex A. Alston, Jr., Thomas, Price, Alston, Jones & Davis, Jackson, Miss., for defendants.

## MEMORANDUM OF DECISION

### ORMA R. SMITH, District Judge.

This action is presently before the court on motion for summary judgment by defendants Hustler Magazine, Inc., Larry Flynt, Ed Miller and John Ferguson.[1] As grounds for their motion, defendants assert that plaintiff's action is barred by the one-year statute of limitations found in Miss. Code Ann. § 15–1–35 (1972).[2] After considering defendants' motion, along with the pleadings and the briefs, affidavits, and oral arguments of counsel in support of and in opposition to the motion, the court is of the opinion that the motion is well taken and should be granted.

---

[1.] Simultaneously with their motion for summary judgment, defendants filed a motion to dismiss for lack of in personam jurisdiction. Because the court finds that the action is barred by the one-year statute of limitations found in Miss.Code Ann. § 15–1–35, it is not necessary to consider the motion to dismiss.

[2.] Miss.Code Ann. § 15–1–35 provides:

On October 9, 1979, plaintiff commenced this action for libel, slander, and invasion of privacy resulting from the publication of an article in *Hustler* magazine. Named as defendants in the action are Hustler Magazine, Inc., Larry Flynt, John Ferguson and Ed Miller. Jurisdiction in this court is based on diversity of citizenship and an amount in controversy, excluding interest and costs, in excess of $10,000.00. 28 U.S.C. § 1332(a). The law of the State of Mississippi, therefore, controls. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1933).

It is clear that the one year limitation provision found in Miss.Code Ann. § 15–1–35 governs this action. *See Andrews v. GAB Business Services, Inc.*, 443 F.Supp. 510 (N.D.Miss.1977); *Ladner v. Arrington*, 374 So.2d 831 (Miss.1979). The question for this court to decide is when the plaintiff's cause of action accrued, that is, when the one year limitations period began to run.

In *Forman v. Mississippi Publishers Corporation*, 194 Miss. 90, 14 So.2d 344 (1943), the Mississippi Supreme Court adopted, for purposes of venue in defamation actions, the single publication rule. The court reasoned:

> [A] cause of action "accrues" when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested.

> • • • • •

> In defamation, the assault is not directly upon the plaintiff but upon his public esteem. The impact is upon those who are custodians of his reputation. Such reputation ... is injured as soon as a destructive fire of criticism ignites the edifices in which such prestige is housed.

• • • • •

§ 15–1–35. *Limitations applicable to actions for certain torts.*

All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, and for libels, shall be commenced within one year after the cause of such action accrued, and not after.

*There seems to be no doubt that the statute of limitations begins to run from the date of the first publication.... Since the gravamen of the offense is not the knowledge by the plaintiff nor the injury of his feelings but the degrading of reputation, the right accrued as soon as the paper was exhibited to third persons in whom alone such repute is resident. The tort is then complete even though the damage may continue or even accumulate.* (emphasis added).

14 So.2d at 346–47. (citations omitted).

Although the court in *Forman* was dealing only with the issue of where the cause of action accrued for purposes of proper venue, it did state that the statute of limitations in a defamation action[3] begins to run from the date of first publication.[4] This is consistent with the goal of the single publication rule as recognized by the Fifth Circuit:

> The goal of the single publication rule as to venue is to protect the defendant from a multiplicity of suits, *from a continuous tolling of the statute of limitations*, and from the application of diverse laws to a single event. See Prosser, Law of Torts § 113 (4th ed. 1971). Rather than accomplish these necessary goals through the jurisdictional statutes, however, they may be more logically effectuated through requiring the plaintiff to collect all his damages in a single action, *measuring the running of the statute of limitations from the initial publication, see, e.g., Forman, supra*, 195 Miss. at 407, 14 So.2d at 347....

*Edwards v. Associated Press*, 512 F.2d 258, 264–65 n.19 (5th Cir. 1975) (emphasis added). *See also* W. Prosser, *supra*.

 Thus, in Mississippi, the statute of limitations for libel actions runs from the date the allegedly defamatory material is published. The ultimate question, therefore, is on what date was the article in question communicated to third persons so as to allegedly injure the plaintiff's reputation.

The defendants contend that the article was published no later than October 5, 1978, and that, therefore, plaintiff's suit filed on October 9, 1979, is untimely and must be dismissed. Affidavits in support of defendants' contention have been submitted by Larry Flynt, the Chairman of the Board of Hustler Magazine, Inc., and a named defendant, Arnold Smith, the head of the department of Finance for Hustler Magazine, Inc., John Ferguson, the Research Director of Hustler Magazine, Inc., and a named defendant, George Petech, Manager of the Bluff City News of Memphis, Tennessee, which is the wholesale distributor of *Hustler* magazine in the Tupelo, Mississippi, area, and Shelly Bethay and Lewis Wade King, who delivered *Hustler* magazine for Bluff City News in the Tupelo, Mississippi, area.

The affidavits of Mr. Flynt, Mr. Levitt, and Mr. Ferguson establish that the November, 1978, issue of *Hustler* was made available for sale to the general public on October 3, 1978, and that, according to the policy of Hustler Magazine, Inc., the issue was mailed to subscribers one or two weeks before the on sale date. The affidavits of Mr. Petech, Mr. Bethay, and Mr. King establish that Bluff City News, the wholesale distributor of *Hustler* magazine in the Tupelo, Mississippi, area, received the November, 1978, issue on September 21, 1978, and that a substantial number of copies of this particular issue were delivered to and placed on display racks in various retail stores in Tupelo, Mississippi, between October 2, 1978, and October 5, 1978.

In opposition to the motion for summary judgment, plaintiff has submitted an affidavit in which he states that on October 9,

---

**3.** The Mississippi Supreme Court recently held that a new cause of action accrues each time a slander is uttered. *Ladner v. Arrington*, 374 So.2d 831 (Miss.1979). However, as recognized by the *Ladner* court, this does not effect the single publication rule as applied to libel actions.

**4.** The word "publication" is the technical name given to the communication of defamatory material to a third-person. W. Prosser, Law of Torts § 113 (4th ed. 1971).

1978, upon learning of the *Hustler* article, he was unable to locate a copy of the magazine for sale in the Tupelo area.[5] He further states that he was continually unable to find the magazine in Tupelo, and finally had to procure an issue in Memphis in order to see the article. Plaintiff does not contradict any of the facts set out in the affidavits in support of defendants' motion for summary judgment, other than to say that he could not find a copy of the magazine for sale in the Tupelo area on or about October 9, 1978, and for several days thereafter.

Under the single publication rule, an entire edition or issue of a magazine is treated as one publication, which is complete when the finished product is released by the publisher for sale in accord with trade practice. In *Khaury v. Playboy Publications, Inc.*, 430 F.Supp. 1342 (S.D.N.Y.1977), the court considered the precise issue which is before this court. In *Khaury* plaintiff sued for defamation and invasion of privacy from the publication of an article in the October, 1975, issue of *Oui* magazine. Suit was filed on September 22, 1976. Defendants moved for summary judgment on the ground that the action was barred by the one-year statute of limitations. New York, like Mississippi, followed the single publication rule for purposes of determining the accrual date for libel actions. The defendants, in support of their motion, asserted by affidavit that September 4, 1975, was the on-sale date for the October, 1975, issue of *Oui* and that substantially all of the October issues were distributed to the public by September 7, 1975. These facts were not controverted by the plaintiff.

The court, in granting defendants' motion, held:

The leading New York case in the area is *Gregoire v. G. P. Putnam's Sons*, 298 N.Y. 119, 81 N.E.2d 45 (1948), in which the New York Court of Appeals held that publication of a defamatory article in a mass distributed book, newspaper, or periodical gives rise to but one cause of action "which arises when the finished product is released by the publisher for sale in accord with trade practice." 298 N.W. at 126, 81 N.E.2d at 49.

In *Zuck v. Interstate Publishing Corporation*, 317 F.2d 727 (2d Cir. 1963), the Second Circuit construed the *Gregoire* formulation to mean the "on-sale" date, or date that the publication went on sale to the public at newsstands throughout the United States, notwithstanding the date stated on the magazine cover, or that on which copies were delivered to wholesale dealers and common carriers for distribution to retailers. The New York Courts have likewise ruled that the date of actual distribution to the public controls. *Sorge v. Parade Publications, Inc.*, 20 A.D.2d 338, 247 N.Y.S.2d 317 (1964); *Sullivan v. Crisona*, 54 Misc.2d 478, 283 N.Y.S.2d 62 (Sup.Ct.N.Y.Co. 1967). Since substantially all of the October, 1975 issues of *OUI* magazine were distributed to the public by September 7, 1975, plaintiff's cause of action accrued on that date.

430 F.Supp. at 1344.

While no Mississippi case has directly addressed the issue of the publication

---

**5.** It is the plaintiff's position that this cause of action did not accrue until the magazine was distributed or published in the Tupelo, Mississippi, marketing area. Although the Mississippi Supreme Court has not considered the effect of multi-state publication on the single publication rule, the trend is, as plaintiff suggests, that the statute of limitations begins to run when the allegedly defamatory material is published in the geographical region in which the plaintiff resides. *See Applewhite v. Memphis State University*, 495 S.W.2d 190 (Tenn.1973). This is a logical development in defamation law, since the right to bring a defamation action is dependent upon injury to ones reputation, which can only occur when the defamatory material is made known to those who know the plaintiff. *See Forman v. Mississippi Publishers Corporation*, 195 Miss. 90, 14 So.2d 344 (1943). In this case, however, the uncontradicted affidavits in support of defendants' motion establish that the November, 1978, issue of *Hustler* magazine was available to the public in all regions of the country, including the Tupelo, Mississippi area, no later than October 5, 1978. Therefore, it is not necessary for this court to consider the single publication rule of *Forman* as it relates to multi-state publication, since regardless of which standard is employed, the publication date could be no later than October 5, 1978. *See Casano v. WDSU–TV, Inc.*, 313 F.Supp. 1130 (S.D.Miss.1976).

date for a defamatory article in a mass distributed book, newspaper, or periodical, this state has adopted the single publication rule. *Forman, supra.* This court concludes that the reasoning of the *Khaury* court, that the cause of action for libel in a mass distributed publication accrues when the periodical is substantially distributed to the public, is consistent with the policy of the single publication rule to prevent the endless tolling of the statute of limitations.

The court finds that there is no genuine issue over the fact that on or before October 5, 1978, substantially all of the November, 1978, issues of Hustler Magazine were distributed to the public, including those people residing in the Tupelo, Mississippi, area, and in whom the plaintiff's reputation resides. Therefore, plaintiff's complaint filed on October 9, 1979, is barred by the one-year statute of limitations, Miss. Code Ann. § 15–1–35, and defendants' are entitled to judgment as a matter of law.

An appropriate order will be entered.