Steven D. LANE Plaintiff

v.

### STRANG COMMUNICATIONS COMPANY Defendant

No. 1:02 CV 313–D–D.

United States District Court,
N.D. Mississippi,
Eastern Division.

Oct. 30, 2003.

Grant M. Fox, Grant M. Fox, Attorney, Tupelo, MS, Stephan L. McDavid, McDavid & Associates, PC, Oxford, MS, for Steven D. Lane, plaintiff.

John C. Henegan, Robert A. Miller, Malissa Wilson, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Strang Communications Company, defendant.

## OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

DAVIDSON, Chief Judge.

Presently before the court is the Defendant's motion for summary judgment. Upon due consideration, the court finds that the motion should be granted.

### A. Factual and Procedural Background

In 1998, the Plaintiff founded a pornographic magazine and had 30,000 copies of the first issue printed and ready for distribution. Prior to distributing the magazine, the Plaintiff underwent a religious transformation and ceased publication of the magazine. He subsequently began a ministry, Freedom Ministry, aimed at educating parents about means through which they can avoid allowing pornography into their homes.

Because of the Plaintiff's high-profile religious conversion, a reporter from *Charisma & Christian Life* magazine, Andy Butcher, interviewed the Plaintiff and wrote an article about him entitled "How a Porn King Found God." This article was published in the March 2000 edition of *Charisma & Christian Life;* a shorter version of the article was also published in the May/June 2001 edition of *New Man* magazine. Both of these magazines are published by the Defendant. A printed version of the *Charisma & Christian Life* article was posted online on the Defendant's website on February 15, 2000; a printed version of the *New Man* article was posted online on the Defendant's website on April 20, 2001.

The Plaintiff filed this lawsuit on September 3, 2002, asserting claims for defamation, false light invasion of privacy, and intentional and/or negligent infliction of emotional distress, all in connection with

the content of the two magazine articles. The Plaintiff asserts that these articles contain intentionally false statements about him and his life. The Defendant has now filed a motion for summary judgment, seeking judgment as a matter of law as to the Plaintiff's pending claims.

### B. Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by ... affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548. That burden is not discharged by mere allegations or denials. Fed. R.Civ.P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

proof at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### C. Discussion

#### 1. The Single Publication Rule and the Statute of Limitations

■ The statute of limitations for defamation claims in Mississippi is one year from the date the allegedly defamatory publication was first distributed to the public. Miss.Code Ann. § 15–1–35; *Staheli v. Smith*, 548 So.2d 1299, 1302 (Miss. 1989); *Wildmon v. Hustler Magazine, Inc.*, 508 F.Supp. 87, 90 (N.D.Miss.1980). In addition, claims for invasion of privacy and emotional distress are also subject to a one year limitations period. *Young v. Jackson*, 572 So.2d 378, 382 (Miss.1990) (invasion of privacy claims); *Mize v. Harvey Shapiro Enter., Inc.*, 714 F.Supp. 220, 224 (N.D.Miss.1989) (invasion of privacy claims); *Guthrie v. J.C. Penney Co., Inc.*, 803 F.2d 202, 210–11 (5th Cir.1986) (emotional distress claims).[1]

■ In actions for defamation, Mississippi has adopted the "single publication" rule. *Ellisville State Sch. v. Merrill*, 732 So.2d 198, 200 (Miss.1999); *Forman v. Mississippi Publishers Corp.*, 195 Miss. 90, 14 So.2d 344, 347 (1943). Under the

---

**1.** While *Guthrie* applies solely to claims for the intentional infliction of emotional distress, and not to the Plaintiff's claims for the negligent infliction of emotional distress, the court finds that Mississippi law does not recognize a cause of action for negligent infliction of emotional distress based on defamation.

*Mitchell v. Random House*, 865 F.2d 664 (5th Cir.1989); *Mann v. City of Tupelo*, No. 1:93CV107–B–D, 1995 WL 1945433, at *20 (N.D.Miss. April 13, 1995). Thus, summary judgment is appropriate on the Plaintiff's claim for negligent infliction of emotional distress as well.

single publication rule, the one year limitations period in defamation actions begins to run on the date the allegedly defamatory material is first published to a third person or to the public at large; further, as to any single publication of defamatory material, there may be only one cause of action in which damages are recoverable. *Wildmon,* 508 F.Supp. at 89; *see Staheli,* 548 So.2d at 1302–03 (holding that one goal of single publication rule is "to protect the defendant from . . . a continuous tolling of the statute of limitations . . ."). Under the single publication rule, multiple publications of the same work do not ordinarily reset the statute of limitations; only subsequent editions or reprintings, or a rebroadcast of the same story, are considered new publications that trigger a new cause of action and commence a new statute of limitations period. *Wildmon,* 508 F.Supp. at 90.

### 2. The Plaintiff's Allegations

■ In light of the above-cited authorities, the court finds that the one year statute of limitations on the Plaintiff's claims began to run at the latest on February 15, 2000, for the *Charisma & Christian Life* article, and on April 20, 2001, for the *New Man* article; this is the date that each of the articles were posted online on the Defendant's website, and is the date of last publication of the articles. In addition, the court finds that the Plaintiff, who resides in Tupelo, was himself aware of the publication of the articles, as he purchased large quantities of both magazines shortly after the publication of the subject articles; other subscribers in the Tupelo area also received the publications.

Thus, in accordance with the above-cited authorities, the court finds that the statute of limitations expired on February 15, 2001, for the Plaintiff's claims related to the *Charisma & Christian Life* article, and

expired on April 20, 2002, for the Plaintiff's claims related to the *New Man* article. But it is undisputed that the Plaintiff did not file the present lawsuit until September 3, 2002, over four months beyond the expiration of the limitations period for claims based on the *New Man* publication, and over eighteen months beyond the limitations period for claims based on the *Charisma & Christian Life* publication.

Accordingly, based on the above authorities and the submissions presently before the court, the court finds that dismissal of the Plaintiff's claims against the Defendant is appropriate; due to the expiration of the applicable statute of limitations period, no genuine issue of material fact exists and the Defendant is entitled to judgment as a matter of law.

### D. Conclusion

In sum, the Defendant's motion for summary judgment will be granted because the statute of limitations expired on all of the Plaintiff's claims prior to this lawsuit being commenced. The Defendant has shown that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.

A separate order in accordance with this opinion shall issue this day.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Defendant's motion for summary judgment (docket entries 7, 16) is GRANTED;

(2) the Plaintiff's claims are DISMISSED WITH PREJUDICE; and

(3) this case is CLOSED.

All memoranda, depositions, declarations and other materials considered by the court in ruling on this motion are hereby

incorporated into and made a part of the record in this action.