# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2013

No. 12-60814
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT C. LEHMAN,

Plaintiff-Appellant

v.

MICHAEL B. HOLLEMAN; HOLLEMAN LAW FIRM, P.L.L.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:11-CV-284

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Robert Lehman sued Michael Holleman and Holleman Law Firm, PLLC (collectively "Holleman") for defamation and for intentional and negligent infliction of emotional distress under Mississippi law. The district court granted summary judgment in favor of Holleman. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60814

## FACTS AND PROCEEDINGS

Lehman's claims are premised on a settlement negotiation letter sent by Holleman to another attorney in connection with a suit Lehman filed against Louis Normand, Jr. and Matthew Normand in Louisiana state court alleging wrongdoing in the administration of companies for which Lehman was previously employed. Briefly, the relevant circumstances of that underlying litigation are as follows.

Louis Normand, Jr. created the Normand Children Diversified Class Trust ("Trust"), which was the majority owner of three parcels of land in Gulfport, Mississippi. Lehman's professional law corporation, Lehman APLC, owned an interest in one parcel. In 2009, the Mississippi Transportation Commission ("MTC") notified the owners that it intended to condemn the three parcels pursuant to its eminent domain power. Negotiations ensued, and the MTC offered relocation compensation. All parties accepted. Subsequently, Lehman APLC filed a Notice of Lis Pendens against the Trust on all three parcels. The notice claimed an interest in the property based on Lehman's pending Louisiana suit against the Normands. The filing of the notice effectively prevented completion of the settlement with the MTC, and the MTC filed a complaint for condemnation in the Special Court of Eminent Domain of Harrison County, Mississippi. The Trust cross-claimed against Lehman APLC, alleging wrongful filing of lis pendens. The Special Court found in favor of the Trust, holding the lis pendens notices invalid.

The Trust, represented by Holleman, subsequently filed suit against Lehman and his then-counsel, Thomas Payne, based on the wrongful filing of the lis pendens notices. Lehman hired a new attorney, Frank Montague. Montague solicited a settlement offer from Holleman. In response, Holleman submitted the subject letter containing a global settlement offer for the lawsuits pending between the parties and their related entities.

2

No. 12-60814

Subsequently Lehman filed the present suit, alleging the following paragraph of the letter from Holleman to Montague to be defamatory:

> In the Louisiana action, Mr. Lehman "loaned" a complete stranger, Chadwick Harris, a disgruntled General Manager of my client, United Truck Group, $2,000 for what the witness believed was his favorable testimony and access to confidential information. When Mr. Harris testified in a deposition unfavorably to Mr. Lehman, Mr. Lehman, on the record, demanded his $2,000 back.

The district court held the statements were absolutely privileged and thus not defamatory as a matter of Mississippi law because they were relevant to the subject matter of a judicial proceeding. The district court noted that in his complaint, Lehman acknowledged that the alleged defamatory statements were related to the eminent domain suit. Lehman now appeals.

## DISCUSSION

"We review a grant of summary judgment de novo, applying the same legal standard as the district court." *Croft v. Governor of Texas*, 562 F.3d 735, 742 (5th Cir. 2009) (citation and internal quotation marks omitted). Summary judgment is warranted if the record shows that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). Lehman argues that the district court erred when it granted summary judgment and held that Holleman's statements in the settlement letter were absolutely privileged. We disagree.

Under Mississippi law, a defamation claim requires that the plaintiff prove:

> (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Fulton v. Miss. Publishers Corp.*, 498 So. 2d 1215, 1216 (Miss. 1986). Thus, in order for Holleman's statement to be actionable, it must constitute "an

3

unprivileged publication." *See id.* Mississippi courts consider statements made in connection with judicial proceedings, "if in any way relevant to the subject matter of the action," as "absolutely privileged and immune from attack as defamation, even if such statements are made maliciously and with knowledge of their falsehood." *McCorkle v. McCorkle*, 811 So. 2d 258, 266 (Miss. Ct. App. 2001); *see also Clinton v. Johnson*, No. 5:12-CV-84, 2013 WL 870361, at *6 (S.D. Miss. Mar. 7, 2013) (explaining that "[s]ome time ago, the Mississippi Supreme Court carefully considered this exact issue and settled on the 'American rule' that statements made in a judicial proceeding, if pertinent and relevant to that proceeding, are absolutely privileged" (quoting *Hardtner v. Salloum*, 114 So. 621, 624 (Miss. 1927)). In order to be absolutely privileged, "the defamatory words must be pertinent or relevant" to the underlying controversy. *Hardtner*, 114 So. at 624. Mississippi courts favor a "liberal rule" as "to the determination of the degree of relevancy or pertinency necessary to make alleged defamatory matter privileged." *Id.* "The matter to which the privilege does not extend must be so palpably wanting in relation to the subject-matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety." *Id.*

Lehman argues that Holleman failed to illustrate that the settlement letter was absolutely privileged because no Mississippi case has explicitly applied this absolute privilege to settlement negotiation letters exchanged between attorneys. We are confident, however, that the Mississippi courts would do so here because Holleman's letter to opposing counsel was plainly relevant to the underlying controversy.[1] Accordingly, Lehman has not shown that the district court erred in granting summary judgment in favor of Holleman.

---

[1] Additionally, courts in jurisdictions with similar absolute privilege rules have applied those rules to bar defamation suits premised on letters exchanged in the course of settlement negotiations. *See, e.g.*, *Chard v. Galton*, 559 P.2d 1280, 1283 (Or. 1977); *Oesterle v. Wallace*, 725 N.W.2d 470, 476 (Mich. Ct. App. 2006).

No. 12-60814

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment.