218 So.2d 740 (1969)
MISSISSIPPI STATE TAX COMMISSION
v.
B.F. HINTON, d/b/a Laurel Tile Shop.
No. 45187.
Supreme Court of Mississippi.
February 3, 1969.
*741 Taylor Carlisle, James Williams, Jackson, for appellant.
Walker & Sullivan, Laurel, for appellee.
BRADY, Justice:
This is an appeal by the Mississippi State Tax Commission from a decree rendered against it in the Chancery Court of the Second Judicial District of Jones County, Mississippi.
The facts pertinent to this appeal are as follows: The appellee-taxpayer, B.F. Hinton, d/b/a Laurel Tile Shop, is engaged in the sale of tile which he installs charging only one price for the entire job. He makes no breakdown in this one price on his bill to show labor or materials. He receives no payment until the whole job is completed in a workmanlike manner. He carries no stock of tile other than samples or remnants left over from a previous job. He purchases his tile for his jobs from the Jackson Tile Company, who has been collecting a wholesale tax of one-eighth of one percent from appellee. The customer is billed only once for the entire job including tile and labor. It was stipulated that 36.7% of each job was labor. There was no way to show the amount of lathing used. It was also stipulated that appellee maintains his own crew for his jobs, that the tile is always sold installed, that in 1957 appellee applied for and received a retail license, and that appellee collected no tax from his customers.
Based upon Rule 60 of the Sales and Use Tax Rules promulgated by the State Tax Commission within the power granted the Commission under Mississippi Code 1942 Annotated section 9213 (Supp. 1966), the Tax Commission determined that appellee was a retailer of tangible personal property and thus subject to the tax prescribed by Section 10108 of the Mississippi Code of 1942 Annotated (Supp. 1966). The appellee filed suit on November 1, 1966, to recover the state sales tax which had been assessed under Section 10108 and which appellee had paid under protest. This tax included three and one-half percent (3 1/2%) of the gross proceeds of retail sales made by appellee from July 1, 1964, to the date of the suit at a rate of two percent (2%). It was years from the date of the filing of the suit at a rate of two percent (2%). It was stipulated that the amount assessed, paid and sued for is $6,634.89, which includes $392.59 in penalties assessed under Mississippi Code 1942 Annotated section 10119(c) (Supp. 1966).
The Chancellor below, found that the appellee was engaged in the sale of real property and thus was entitled to a refund for the taxes that he had paid.
The main question for determination is: Under the facts as presented, is the appellee a retailer of tangible personal property within the meaning of Section 10108 so as to be liable for the 3 1/2% (2%) tax on the gross proceeds of said sales? A second question is: May the 10% penalty provided for under Section 10119(c) be assessed a taxpayer without a showing of fraud?
The question of whether a sale of construction materials, fixtures, or supplies to a contractor, or his use thereof in construction or repair work, is a retail sale within the meaning of tax statutes is discussed at length in 163 A.L.R. 276 (1945) as supplemented by 171 A.L.R. 697 (1947). As discussed therein, there is a conflict in authority as to whether the sale by the contractor to the landowner, or the sale by the materialmen to a contractor is a retail sale. It has been suggested that on the basis of Woodrich v. St. Catherine Gravel Company, 188 Miss. 417, 195 So. 307, 127 A.L.R. 1179 (1940), Mississippi would fall in the latter category. However, we feel that the type of material involved in that case, gravel, gives the decision limited application to the case at bar. There is likewise a conflict in authority over the question of whether the contractor is the ultimate consumer of the materials which he uses, and finally the *742 jurisdictions are split on whether such a transaction is a resale of personal or real property.
Since the particular question in the case at bar is not specifically set out in the Mississippi tax statutes, we look at the legislation in its entirety. We must accept the popular words in their popular sense, and we must attempt to glean from the statutes the legislative intent. Section 10108 which, as amended, provides for a 3 1/2% tax on the gross proceeds of retail sales of tangible personal property should be read together with the definitional Section 10104(6), (7), and (9). Section 10104(7) states that gross proceeds means "the full sale price of tangible personal property including installation." Mississippi Code 1942 Ann. § 10104(7) (Supp. 1966). Section 10104(9) states that tangible personal property is "perceptible to the human senses or by chemical analysis as opposed to real property or intangibles." Mississippi Code 1942 Ann. § 10104(9) (Supp. 1966). A reading of these sections together clearly shows the intention of the legislature to include a sale such as the one at bar within the limits of section 10108, and the legislative definitions and concepts must prevail over the common law definitions.
While not controlling, we find that the rules promulgated for the effective administration of the sales tax gives a helpful clue to the legislative intent. Rule 60 of the Sales and Use Tax Rules (1959) clearly covered a factual situation such as the one in the case at bar and the amendments of Rule 60 in 1966 and 1968 even further support our interpretation of the statutes.
An example of the common understanding of the State Tax Commission and the Legislature in this area is seen in the recent attempt of the Legislature to clarify some questions that have been raised in this area. The Legislature adopted almost verbatim the Commission's definition of "installation." Sales and Use Tax Rules, 60(b) (1966). This new legislation reads in part:
(10) "Installation charges" shall mean and include the charge for the application of tangible personal property to real or personal property without regard to whether or not it becomes a part of the real property or retains its personal property classification. It shall include, but not be limited to, sales in place of roofing, tile, glass, carpets, drapes, fences, awnings, window air conditioning units, gasoline pumps, window guards, floor coverings, car ports, store fixtures, aluminum and plastic siding, tombstones and similar personal property. (House Bill No. 484, General Acts of the Regular Legislative Session 1968, Advance Sheet No. 7, p. 20, amending Mississippi Code 1942 Annotated Section 10104 (Supp. 1966).
We find that the appellee is a retailer of tangible personal property in an installed condition, that the fact that he is paid by the job is immaterial, and that he is subject to the tax under Section 10108. We find that the chancellor was manifestly wrong in determining that appellee sold real property. To affirm his decision would do grave damage to the Mississippi Sales Tax and would fly in the face of the intention of the legislature as expressed in the statutes. We do not feel that the listing of businesses under Section 10111 in any way destroys our premise; if anything, it clearly shows the intent of the legislature to weave a total taxation plan encompassing all businesses including those selling services.
Section 10119 clearly states that the 10% penalty is assessed without showing any intent to defraud. We, therefore, reverse the holding of the court below as to the entire amount, and judgment is entered *743 here reinstating and affirming the assessments of the State Tax Commission.
Reversed and assessments of State Tax Commission reinstated.
GILLESPIE, P.J., and RODGERS, JONES, and SMITH, JJ., concur.