**Charles J. RIGBY, Plaintiff-Appellant,**

**v.**

**ROADWAY EXPRESS, INC., et al., Defendants-Appellees.**

**No. 81–4516**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 16, 1982.

Carroll Edward Rhodes, James W. Kitchens, Hazelhurst, Miss., for plaintiff-appellant.

M. Curtiss McKee, Henry Dennis Granberry, III, Jackson, Miss., for Roadway Exp.

Danny Cupit, John L. Quinn, Jackson, Miss., Howard R. Paul, Memphis, Tenn., L. N. D. Wells, Jr., Dallas, Tex., for Intern. Broth. of Teamsters, etc.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

On April 21, 1978, Charles J. Rigby was hired as an extra-board truck driver by Roadway Express, Inc. One month later, he was discharged for reckless driving which resulted in a serious accident involving a fatality. Ten days after his discharge, on May 31, 1978, he filed a grievance through his local union, Teamsters, Etc., Local 667, protesting his discharge. Pursuant to the collective agreement between the parties, his grievance was heard by the Southern Multi-State Grievance Committee. After a thorough hearing the Committee sustained his discharge. He was notified of this action on October 2, 1978, and the written report of the Committee was delivered on October 30, 1978.

On August 3, 1981, Rigby brought this suit in the U. S. District Court, Southern District of Mississippi, under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, alleging violation of the collective bargaining agreement by Roadway and breach of duty of fair representation by Teamsters. As a pendent cause of action he alleged that Roadway had discharged him intentionally, wrongfully, and without just cause. As relief he requested reinstatement in his job, back pay, and damages for emotional and mental distress. The district court granted summary judgment in favor of Roadway and the Teamsters. We affirm.

There are no facts in this case which can alter the controlling principle of law. Both of the causes of action of Rigby were clearly barred by the applicable statutes of limitations.

The first of Rigby's two causes of action was a Section 301 suit challenging the arbitration award upholding his discharge. Since Section 301 does not contain a limitations provision, it is established that the state statute of limitations is applicable. For a number of years there has been a dispute among the Circuits as to which particular statute of limitations within a state is applicable to Section 301 suits claiming wrongful conduct by an employer and a union against an employee and undertaking to set aside an arbitration award. This dispute has now been resolved by the Supreme Court decision in *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). The *Mitchell* case, involving facts remarkably similar to the facts of this case, reversed the Second

Circuit finding the New York State six year breach of contract limitations period applied. Instead, the Supreme Court held that the state's ninety day limitations period for actions to vacate arbitration awards was the applicable provision.

The Mississippi statute is one of a few which establishes the limitations period to challenge arbitration awards as depending upon available terms of court. Section 11–15–27 of the Mississippi Code reads as follows:

> § 11–15–27. **Motion to vacate or modify award—when made.**
>
> An application to vacate or modify an award shall be made to the court at the term next after the making and publication of the award, upon at least five days' notice, in writing, being given to the adverse party, if there be time for that purpose; and if there be not time, such court, or the judge thereof, may, upon good cause shown, order a stay of proceedings upon the award, either absolutely or upon such terms as shall appear just, until the next succeeding term of court.

Numerous terms of court measuring the limitations period under Mississippi law had passed in the three years which had elapsed between the issuance of the formal written report by the Arbitration Board and the filing of this suit. And the Supreme Court in *Mitchell* specifically recognized such statutes as included in those applicable to setting aside arbitration awards.

■ To attack the running of the statute, Rigby claims that the Mississippi limitations period could not apply because the award was not signed in accordance with the requirements for the signing of arbitration awards under Mississippi law. This is a specious argument since the arbitration took place under federal law, and the only state law applicable is the statute of limitations. State procedural requirements do not apply in this arbitration hearing.

■ Rigby also asserts that the peculiar make-up of the universal Teamsters Collective Bargaining Agreement Grievance Panels keep the decision from being those contemplated as arbitration by the law. This contention is also novel and without legal support. The Teamsters grievance panel is bipartisan, rather than tripartite or nonpartisan as is more common in the tribunals established by collective bargaining agreements. Nevertheless, the Teamsters arbitration panel has been in use for many years and is well recognized as a proper form of arbitration panel for the resolution of grievances under the obligation to arbitrate contained in federal law. *Textile Workers U. v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). *See Hines v. Anchor Motor Freight*, 424 U.S. 554, 557–560, 96 S.Ct. 1048, 1052–1054, 47 L.Ed.2d 231 (1976).

■ Rigby's pendent cause of action charged Roadway with discharging him intentionally, wrongfully and without just cause. He now claims that this cause is brought as a contract claim, contrary to its obvious wording. But this is of no help to him because the contract provided for disposal of these issues through the arbitration process. This was done, and his only contractual remedy then was to attack the arbitration award on the narrow grounds under which such awards can be attacked. And, as indicated above, limitations has run on such an attack.

■ Treating the pendent claim as a tort allegation, the Mississippi one-year statute of limitations on intentional torts of this nature has run. *Dennis v. Travelers Ins. Co.*, 234 So.2d 624, 626 (Miss.1970).

It must be concluded that the district court properly granted summary judgment for defendants Roadway and Teamsters. Rigby's claims clearly were barred by valid statutes of limitations.

AFFIRMED.