**Thomas G. BLACKWELL, Plaintiff,**

v.

**HUSTLER MAGAZINE, INC., Defendant.**

Civ. A. No. E85–0156(L).

United States District Court, S.D. Mississippi, E.D.

Jan. 31, 1986.

Don O. Rogers, Wilbourn & Rogers, Meridian, Miss., for plaintiff.

Richard D. Gamblin, Wise, Carter, Child & Caraway, Robert J. Brantley, Jr., Jackson, Miss., for defendant.

## ORDER

TOM S. LEE, District Judge.

This action was initiated by plaintiff, Thomas G. Blackwell, for an alleged invasion of privacy by defendant, Hustler Magazine, Inc. (Hustler). Defendant moves for summary judgment on the ground that the action is barred by the statute of limitations.

Defendant contends that the applicable statute of limitations is set out in Miss. Code Ann. § 15-1-35 (Supp.1985) which provides:

All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.

In *Dennis v. Travelers Insurance Co.*, 234 So.2d 624 (Miss.1970), the Mississippi Supreme Court affirmed the dismissal of an action which charged defendants with a "willful, malicious and irresponsible act ... that [they] knew, or should have known, would cause physical unrest and mental distress to [plaintiffs]." *Id.* at 626. The court held:

It is clear that [Miss.Code Ann. § 15-1-35 (Supp.1985)], which provides an inclusive listing of the recognized intentional torts is controlling in the case at bar. There can be no escape from the bar of the statute of limitations applicable to intentional torts by the mere refusal to style the cause brought in a recognized statutory category and thereby circumvent prohibition of the statute. Furthermore, the letter, which is the basis for the action at bar, falls squarely within the purview of the statute under the category of 'menace' as set out in the statute.

*Id.* at 627. Recognizing that the statute cannot be avoided by the use of creative pleading, the court is of the opinion that § 15-1-35 is not applicable. The invasion of privacy claim is not listed specifically in the statute and cannot, as was done in *Dennis*, be defined to "fall[ ] squarely" within any category included therein.

The court's cautious approach to application of the statute is further supported by recent action of the Mississippi Legislature whereby actions for failure to employ were added to the list, indicating that that intentional tort was not previously included.

*Andrews v. GAB Business Services, Inc.*, 443 F.Supp. 510 (N.D.Miss.1977), and *Wildmon v. Hustler Magazine, Inc.*, 508 F.Supp. 87 (N.D.Miss.1980), do not counsel to the contrary. In *Andrews*, the court stated, in dictum, that section 15-1-35 was applicable without discussion. The statute was likewise applied in *Wildmon* with no analysis in a case stating causes of action for invasion of privacy as well as for libel and slander which are specifically included in the statute.

For the reasons set out above, this court is of the opinion that defendant is not entitled to judgment as a matter of law and the

motion for summary judgment should be denied.

It is, therefore, ordered that defendant's motion for summary judgment is denied.