**Tyree W. BROWN and Willie Brown, Plaintiffs,**

v.

**The DOW CHEMICAL COMPANY, et al., Defendants.**

**Civ. A. No. J88–0456(W).**

United States District Court, S.D. Mississippi, Jackson Division.

March 29, 1989.

Tyree W. Brown and Willie Brown, pro se.

Butler, Snow, O'Mara, Stevens & Cannada, Claire T. Dickerson, James A. Becker, Jr., Rebecca Wiggs, Jackson, Miss., for defendants.

### ORDER

WINGATE, District Judge.

Before the court in the above styled cause are the motions of the defendants to dismiss for lack of subject matter jurisdiction or, alternatively, for summary judgment. Defendants contend that all of plaintiffs' claims are barred by applicable statutes of limitations. Having reviewed the motions, the pleadings, memoranda and arguments of the parties, and evidence submitted, this court is persuaded that defendants' motions should be granted.[1]

*Facts*

On March 27, 1980, Calvin Wilmet Brown died. On September 1, 1988, the named plaintiffs consisting of the decedent's brother, Tyree W. Brown, and father, Willie Brown, brought this action "as the remaining statutory heirs" of the decedent's estate. They claim that "on or prior to March 26, 1980," (Complaint, Paragraph 6), the defendants, Dow Chemical Company and Sonford International Company, engaged in certain conduct which eventually resulted in the wrongful death of Calvin Wilmet Brown. Specifically, plaintiffs claim that while the decedent worked for defendant Sonford International Company, defendant Dow Chemical Company sold to the Sonford defendant certain toxic substances, including pentacholorophenol. Supposedly, the decedent came into contact with these toxic substances during his employment and that such contact resulted in decedent's death. Plaintiffs, appearing *pro se*, seek relief under the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 654, 666, the Civil Rights Act of 1964, unspecified United States Labor Codes, products liability laws of Mississippi, and the wrongful death statute. Plaintiffs also allege claims for negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, strict liability, breach of warranty, fraudulent suppression of facts, and conspiracy.

This action is actually the third lawsuit brought as a result of the alleged wrongful death. The first action was filed in June, 1980, and was brought by Carolyn and Vestra Brown, through counsel, "for the benefit of all of the statutory heirs at law of Calvin W. Brown." That action, in which plaintiffs herein were active, was filed against Sonford Products Corporation

---

1. Plaintiffs did not file their amended complaint with the clerk of this court. However, plaintiffs did submit their amended complaint to this court, and this court has caused said amended complaint to be filed. Deleted from the amended complaint is the Estate of Calvin Wilmet Brown as a party plaintiff and Sonford Products Corporation as a party defendant. This court understands plaintiffs' desire to delete reference to Sonford Products Corporation since all plaintiffs, including the two plaintiffs in this cause, signed a release of all claims against this party in a document styled a "Partial Release of All Claims" dated April 30, 1984. However, the differences between the original and amended complaints have no effect whatsoever on this court's decision.

and The Dow Chemical Company in the Circuit Court for the First Judicial District of Hinds County, Mississippi, Cause No. 26,606.

During that litigation the Chancery Court of Rankin County, Mississippi, found that five persons, including the plaintiffs herein, were the only persons authorized by law to inherit from the decedent. On May 24, 1984, the administratrix and heirs of the estate of the deceased settled with Sonford Products and executed a release in favor of Sonford. Pursuant to this settlement, plaintiffs also dismissed with prejudice their action against Sonford International Company, Inc., which was pending before the Mississippi Workmen's Compensation Commission. The order approving settlement with Sonford Products reserved plaintiff's claim against The Dow Chemical Company, but authorized plaintiffs "to execute good, valid and binding releases to Sonford Products Corporation and the employer/carrier Sonford International Company, Inc., and The Home Insurance Company from any and all known and unknown claims which they may now or hereafter have and arising out of the aforesaid incident...." Subsequently, on July 31, 1986, The Dow settled with all of the wrongful death statutory beneficiaries, except Willie and Tyree Brown, who were not named parties in the state court action, but who, on February 11, 1986, had filed a wrongful death action concerning Calvin Brown in the United States District Court for the Southern District of Mississippi, Jackson Division, No. J86–0114(W). The state court approved the settlement between The Dow and the other heirs and dismissed the case with prejudice, obviou·'ly supposing that Willie and Tyree Brown would pursue their remedies in their federal court action.

As above mentioned, in February, 1986, Tyree and Willie Brown, pro se, and on behalf of themselves and Vestra Brown, as Administratrix for the Estate of Calvin Brown, filed an action in this court against three of the defendants here—The Dow Chemical Company, Sonford Products, and Sonford International. Premised on the alleged wrongful death of Calvin Brown, that lawsuit was virtually identical to the state lawsuit and the one now before the court.

On February 24, 1987, after continuous and unexcused failure of the plaintiffs to respond to various motions and discovery matters, this court dismissed without prejudice Civil Action No. J86–0114(W), pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Then, on September 24, 1987, upon motion of the plaintiffs seeking relief under Rule 60(b), this court denied the motion and clearly delineated the circumstances of the failure of plaintiffs to prosecute the prior action. That decision was subsequently appealed to the United States Court of Appeals for the Fifth Circuit (Number 87–4790). Plaintiffs' appeal was ultimately dismissed for failure to file an appellants' brief.

Now, some eight and one half years after the death of Calvin Wilmet Brown, plaintiffs have instituted the present and third lawsuit. The operative issue to be determined here is whether plaintiffs' present claims are barred by the applicable statute of limitations.

## CONCLUSION

 To determine the applicable limitations period on state law claims, a federal court, sitting in diversity, must look to state law for the controlling prescriptive period. *Dade County v. Rohr Industries, Inc.,* 826 F.2d 983 (11th Cir.1987); *Abdul-Alim Amin v. Universal Life Insurance Co.,* 706 F.2d 638 (5th Cir.1983); *Goodbody & Company, Inc. v. McDowell,* 530 F.2d 1149 (5th Cir.1976). It is apparent that all of plaintiffs' claims are barred. Whether defendants' acts are characterized as intentional or negligent, the longest possible limitations period under Mississippi law is six years.[2] Yet, approximately eight and one half years have elapsed between the

---

**2.** Negligence actions are governed by Miss.Code Ann. § 15–1–49 (Supp.1988), a six-year statute of limitations. Actions based upon an intentional infliction of emotional distress are controlled by Miss.Code Ann. § 15–1–35, a one-year statute of limitations. Breach of warranties actions are governed by Miss.Code Ann. § 75–2–725 (Supp.1988), a six-year statute of limitations.

decedent's death and the filing of the present action.

■ Plaintiffs' response is that the applicable prescriptive periods have been tolled by § 15–1–57 of the Miss.Code Ann.[3] Plaintiffs argue that since Mississippi's wrongful death statute, Miss.Code Ann. § 11–7–13 (Supp.1988), provides that only one action may be brought by the personal representative of the decedent or the beneficiaries of the decedent, they have been prohibited by law from bringing this action due to the pendency of the other actions in which they were not parties. Hence, they contend that under § 15–1–57 the applicable statutes of limitations have been tolled.

This argument wholly lacks merit. Clearly, § 11–7–13, the wrongful death statute, states that it does not operate to bar another action unless the matter is decided on its merits and, even so, any interested party may join in the suit. This conclusion is manifest from a plain reading of the statute as the following excerpt reflects:

> The action for such damages may be brought in the name of the personal representative of the deceased person for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits. In such action the party or parties suing shall recover such damages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit.

Moreover, it is clear from the court records and documents provided to the court by the defendants that plaintiffs were active in the state court litigation involving the same subject matter before this court. Further, during the pendency of that state court action, plaintiffs herein filed civil action number J86–0114(W) in this court which they allowed to be dismissed. Plaintiffs' active involvement in the state court action and plaintiffs' filing of a prior lawsuit in federal court absolutely destroy their argument that they were prohibited from bringing suit by law. Further, plaintiffs' participation in these earlier lawsuits negates any suspension of the limitation period applicable under state law. *See Drumm v. Sizeler Realty Co., Inc.*, 817 F.2d 1195, 1196–97 (5th Cir.1987) (where filing of state claim lay wholly within discretion of plaintiff, it does not toll limitations on federal cause of action for similar claim). Finally, on account of all the expired time, it is clear that plaintiffs neither can avail themselves of the protection afforded by Miss.Code Ann. § 15–1–69 (1972).[4] *Deposit Guaranty National Bank v. Roberts*, 483 So.2d 348 (Miss.1986) (dismissal of suit as stale did not bring

---

**3.** *Statute of limitations not to run when person prohibited to sue.*

When any person shall be prohibited by law, or restrained or enjoined by the order, decree, or process of any court in this state from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited, enjoined or restrained, shall not be computed as any part of the period of time limited by this chapter for the commencement of such action.

**4.** *Commencement of new action subsequent to abatement or defeat of original action.*

If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of plaintiff's death, commence such new action, within the said one year.

**508**

plaintiff's refiled complaint within statutory savings clause).

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendants' motions to dismiss or, alternatively, for summary judgment be and the same are hereby granted.

IT IS FURTHER ORDERED AND ADJUDGED that the above styled and numbered cause be and the same is hereby dismissed with prejudice. A separate final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure shall be entered herein.

SO ORDERED AND ADJUDGED.