Lisa CAMPBELL, Plaintiff,

v.

JACKSON BUSINESS FORMS COMPANY; Mickey L. McCardle, Individually; James A. Miranda, Individually, Defendants.

Civ. A. No. 3:93–cv–274WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 10, 1994.

Guy N. Rogers, Jr., Jackson, MS, for plaintiff.

Paula Graves, Jackson, MS, for defendants.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

This cause is currently before the court on the motion of defendants Jackson Business Forms Company ("JBF") and Mickey McCardle ("McCardle") to dismiss plaintiff's complaint pursuant to Rule 12(b)(6),[1] Federal Rules of Civil Procedure, on the grounds that the claims are either time-barred or do not state a claim upon which relief can be granted. Plaintiff's complaint accuses defendants of sexual harassment in violation of Title VII, 42 U.S.C. § 2000e, et seq., and of committing the state law torts of assault and battery,

---

1. Rule 12(b)(6) provides that:
    Every defense in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (b) failure to state a claim upon which relief can be granted, ...

invasion of privacy, intentional infliction of emotional distress, and negligent supervision of employees. Although plaintiff opposes the motion, this court is persuaded to grant it.

### Parties and Jurisdiction

The plaintiff, Lisa Campbell, is a citizen of the United States and is a resident of the State of Mississippi. The defendant Mickey L. McCardle, individually, is a citizen of the United States and President of Jackson Business Forms Company. Defendant James A. Miranda, individually, is a citizen of the United States and at all times pertinent hereto was an agent of and employed by Jackson Business Forms Company with full supervisory authority over plaintiff. Defendant Jackson Business Forms Company is a corporation existing under and by virtue of the laws of the State of Mississippi. At all times pertinent hereto, this defendant has been engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

This court has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (4) as plaintiff alleges violations of her civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* Plaintiff additionally alleges various violations of her civil rights under state law as ancillary and pendent claims.

### Facts

Campbell began working for JBF during the Fall of 1991. According to her, during her employment, she repeatedly was subjected to sexually suggestive remarks and inappropriate physical contact by her supervisor, James Miranda. Purportedly due to a hostile working environment and due to JBF's and McCardle's failure to alleviate this situation, even after notice, Campbell resigned on or about March or April, 1992.

Following her resignation, on June 29, 1992, Campbell filed a charge of discrimination against JBF with the Equal Employment Opportunity Commission ("EEOC"). She did not file a charge of discrimination against McCardle, JBF's president. At

Campbell's request, on February 8, 1993, the EEOC issued a Notice of Right to Sue. Campbell received the EEOC's right-to-sue letter on February 12, 1993, and signed the certified mail receipt. Thereafter, Campbell filed her complaint with this court on June 10, 1993.

### CONCLUSIONS OF LAW

**I. Campbell's Title VII Claim Is Barred, Because Plaintiff Did Not File Her Complaint Within Ninety Days Of Her Receipt Of A Notice Of Right To Sue From The Equal Employment Opportunity Commission ("EEOC").**

Title 42 U.S.C. § 2000e–5(f)(1) provides that a person alleging discrimination may file a Title VII lawsuit in court, if she does so within ninety (90) days after receipt of a notice of right to sue from the EEOC. The ninety-day time period is to be treated as a limitations period. *Nilsen v. City of Moss Point,* 701 F.2d 556, 562 (5th Cir.1983) (en banc); *see also Henry v. Gulf Coast Mosquito Control Comm'n,* 645 F.Supp. 1447, 1452 (S.D.Miss.1986).

■ Campbell received her right-to-sue letter on February 12, 1993, and filed her complaint in this court on June 10, 1993—120 days after she received the notice. Because Campbell did not file her Title VII claim within the ninety-day limitations period prescribed by Congress, her Title VII claim is time-barred.

Plaintiff's sole response is that her attorney, who had requested the right-to-sue letter from EEOC, was unaware that Campbell had received the letter on February 12, 1993. Plaintiff says her attorney was apprised of this situation on March 17, 1993, and filed suit within ninety (90) days of this date.

■ The law is clear on this issue. The ninety-day limitations period begins to run "on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel, or to the claimant," whichever is first. *Ringgold v. National Maintenance Corp.,* 796 F.2d 769, 770 (5th Cir.1986); *see also Irwin v. Veterans Affairs,*

498 U.S. 89, 92–93, 111 S.Ct. 453, 456, 112 L.Ed.2d 435 (1990) (concluding that § 2000e–16(c) requires only that the EEOC's notification letter be "received" by claimant's attorney, not the claimant, within thirty days). Plaintiff's receipt of the notice activated the time period. The claim is barred.

## II. Campbell's State Law Claims Of Assault And Battery, Invasion of Privacy, and Intentional Infliction of Emotional Distress Are Time–Barred By Miss.Code Ann. § 15–1–35 (Supp.1992).

### A. Assault and Battery

■ The Mississippi Code Annotated § 15–1–35 (Supp.1992) provides that "[a]ll actions for assault, assault and battery, ... shall be commenced within one (1) year next after the cause of action accrued, and not after." Campbell's complaint states that the alleged acts complained of occurred during the time period that she was employed by JBF—between September, 1991, and March or April, 1992. Complaint ¶¶ 10, 18. Campbell filed her complaint on June 10, 1993, more than one year following her resignation from JBF. The allegations of the complaint clearly establish that Campbell's claim of assault and battery is barred by Miss.Code Ann. § 15–1–35.

### B. Invasion of Privacy

Before 1990, federal courts questioned which statute of limitations applied to invasion of privacy claims in Mississippi. The Mississippi Supreme Court resolved the dispute in 1990, conclusively stating that the one-year statute of limitations set forth in Miss.Code Ann. § 15–1–35 applies to common-law invasion of privacy claims. *Young v. Jackson,* 572 So.2d 378, 382 (Miss.1990) ("we have recognized that the one-year statute of limitations applies in invasion of privacy actions"), citing *City of Mound Bayou v. Johnson,* 562 So.2d 1212, 1219 n. 7 (Miss. 1990); *see also Watkins v. United Parcel Serv., Inc.,* 797 F.Supp. 1349, 1360 (S.D.Miss. 1992) (Wingate, J.) (stating that an action based on invasion of privacy has one year statute of limitations). Because Campbell filed her complaint more than one year fol-

lowing her separation from JBF, her claim of invasion of privacy must be dismissed.

### C. Intentional Infliction of Emotional Distress

Campbell's claim of intentional infliction of emotional distress is time-barred by Miss. Code Ann. § 15–1–35. *See Guthrie v. J.C. Penney Co.,* 803 F.2d 202 (5th Cir.1986) ("intentional infliction of emotional distress is the same *type* of tort as menace and [is] therefore covered by the one-year statute of limitations"); *see also Watkins,* 797 F.Supp. at 1361 n. 13. For the reasons set forth in paragraphs IIA and IIB above, Campbell's intentional infliction of emotional distress claim must be dismissed.

## III. Campbell's State Law Claim Of Negligent Supervision Of Employees Fails To State A Claim Upon Which Relief Can Be Granted.

■ The only remaining claim to be considered by the court is plaintiff's state common-law claim of "negligent supervision of employees." Campbell alleges that she suffered injuries because JBF and McCardle negligently supervised Miranda. This common-law negligence claim by Campbell, an employee, against her employer is clearly barred by the exclusive remedy provision of the Mississippi Workers' Compensation Law, Miss.Code Ann. § 71–3–9 (Rev.1989), which provides that:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee ... at common law or otherwise from such employer on account of such injury
>
> . . . .

Because Campbell alleges that her claim arose out of the employer-employee relationship between her and JBF, and because the tort claim is clearly grounded in negligence, her negligent supervision claim against JBF and McCardle is barred by the Workers' Compensation Law. *Griffin v. Futorian Corp.,* 533 So.2d 461, 463–64 (Miss.1988) (where employee claimed that employer and manager wilfully failed to remedy situation which ultimately caused injury, Court held

claim against employer and manager barred by exclusive remedy provision of Mississippi Workers' Compensation Act); *Mullins v. Biglane Operating Co.,* 778 F.2d 277, 279 (5th Cir.1985) (affirming motion to dismiss because common-law intentional tort claim of failure to provide safety equipment barred by workers' compensation law).

Furthermore, Campbell's claim of negligent supervision is in reality nothing more than a recharacterization of her Title VII claim. She cannot avoid the time limitations of Title VII by renaming her claim. Because the negligent supervision claim is duplicative, it must be dismissed. *See Oxford Mall Co. v. K & B Mississippi Corp.,* 737 F.Supp. 962, 967 (S.D.Miss.1990).

### *CONCLUSION*

Plaintiff's claims are either time-barred or fail to state a cognizable claim. Her complaint, then, must be dismissed with prejudice as to all claims and all defendants.[2] A separate judgment will be entered in accordance with the local rules.

SO ORDERED AND ADJUDGED.

---

2. Defendant James A. Miranda has not been served. On July 16, 1993, summons was returned unexecuted as to him and on that same day, over five months ago, plaintiff re-issued the summons. The docket sheet does not show it was ever served. But since the claims against Miranda suffer the same infirmities which involve the other two defendants, plaintiff's claims against Miranda should be dismissed as well.