**Wayne HERVEY, Plaintiff,**

v.

**METLIFE GENERAL INSURANCE CORPORATION SYSTEM AGENCY OF MISSISSIPPI, INC., Defendant.**

No. Civ.A. 300CV939LN.

United States District Court,
S.D. Mississippi,
Jackson Division.

June 14, 2001.

Steven Mark Wann, Christina L. Carroll, Maxey, Wann, Fyke & Hawkins, PLLC, Jackson, MS, for plaintiff.

Paula Graves Ardelean, Paul A. Hurst, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, David M. Ellis, Hughes & Luce, LLP, Dallas, TX, Robert J. Wood, Jr., Clark, West, Keller, LLP, Dallas, TX, for defendant.

### *MEMORANDUM OPINION AND ORDER*

TOM S. LEE, District Judge.

Mississippi Code Annotated § 15–1–35 of Mississippi Code Annotated states:

All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.

The issue presently before the court for consideration is whether this statute applies to actions for intentional infliction of

tion claim. That issue is not before the court and, thus, is not addressed.

emotional distress. In response to an earlier motion in this case by a former defendant, John Schmidt, the court concluded that it did, and that plaintiff Wayne Hervey's claim against Schmidt for intentional infliction of emotional distress was time-barred. The issue is now before the court again by virtue of a motion by the corporate defendant, MetLife General Insurance Corporation System Agency of Mississippi, Inc. (MetLife). By retracing the steps that brought it to dismiss the same claim against Schmidt in the first place, the court has again arrived at the conclusion that the one-year limitations period of Miss.Code Ann. § 15–1–35 applies to the plaintiff's cause of action for intentional infliction of emotional distress.

Accordingly, the court concludes that Met-Life's motion is well taken and should be granted.

The court begins its journey to this conclusion with the Mississippi Supreme Court's decision in *Bush v. City of Laurel,* 234 Miss. 93, 105 So.2d 562 (1958), in which the court held that the one-year limitations period did not apply to an action in trespass upon land which sought to recover damages, including expenses involved in initiating injunction proceedings to protect real property. As to the statute, the court in *Bush* remarked that

> [a] casual reading of Code Section 732 [15–1–35], readily reveals that the present action of the appellants *is not of the type enumerated* in said Code section and that said Code section is, therefore, not applicable.

*Id.* at 566 (emphasis added).

In a subsequent case, *Dennis v. Travelers Insurance Co.,* 234 So.2d 624 (Miss. 1970), on the basis of a letter threatening legal action if the plaintiffs did not pay for damage caused by their son's vandalism, the plaintiffs charged the defendants with a "willful, malicious and irresponsible act

... that [they] knew, or should have known, would cause physical unrest and mental distress to [plaintiffs]." *Id.* at 626. The Mississippi Supreme Court affirmed the dismissal of the plaintiffs' claim as barred by § 15–1–35, reasoning that plaintiffs' allegations, though not denominated as a "menace," still fell within the coverage of the statute. The court noted that "Webster's International Dictionary, Third Edition, among many definitions of the word 'menace' lists '1 a: a show of intention to inflict harm: a threatening gesture, statement, or act ***. b: threatening import, character, or aspect: THREAT ***. 2 a: someone or something that represents a threat ***.' " *Id.* Then, recognizing that "[p]opular words in statutes must be accepted in their popular sense and [that] the court must attempt to glean from the statute the legislative intent," *id.* (citing *Mississippi State Tax Comm'n v. Hinton,* 218 So.2d 740 (Miss.1969)), the court reasoned that since the term "menace" meant the same thing as threat, and since the letter written by the defendant was threatening, its actions fell within the category of menace, *id.* In reaching this decision, the court explained as follows:

> It is clear that [Miss.Code Ann. § 15–1–35 (Supp.1935) ], which provides *an inclusive listing of the recognized intentional torts* is controlling in the case at bar. *There can be no escape from the bar of the statute of limitations applicable to intentional torts by the mere refusal to style the cause brought in a recognized statutory category and thereby circumvent prohibition of the statute* . Furthermore, the letter, which is the basis for the action at bar, falls squarely within the purview of the statute under the category of 'menace' as set out in the statute.

*Id.* at 627 (emphasis added).

After the court's decision in *Dennis,* the federal district courts in Mississippi had

several occasions to consider the applicability of § 15–1–35 to a number of torts. *See Childers v. Beaver Dam Plantation, Inc.,* 360 F.Supp. 331, 333 (N.D.Miss.1973) (concluding that the one-year statute applied to action for malicious prosecution and abuse of criminal process); *Andrews v. GAB Business Servs., Inc.,* 443 F.Supp. 510, 513 (N.D.Miss.1977) (holding that the plaintiffs' claim that insurance adjuster illegally intruded upon their privacy and by his actions subjected them to severe and emotional stress, anxiety, pain and suffering, embarrassment, insult and revulsion "constitute[d] an intentional tort which is barred by Miss.Code Ann. § 15–1–35"); *Blackwell v. Hustler Magazine, Inc.,* 633 F.Supp. 870, 871 (S.D.Miss.1986) (holding that while "the statute cannot be avoided by the use of creative pleading," § 15–1–35 is not applicable to claim for invasion of privacy since "[t]he invasion of privacy claim is not listed specifically in the statute and cannot, as was done in *Dennis,* be defined to 'fall[ ] squarely' within any category included therein"); *Mize v. Harvey Shapiro Enterprises, Inc.,* 714 F.Supp. 220, 224 (N.D.Miss.1989) (noting this court's holding in *Blackwell v. Hustler,* and finding that while the invasion of privacy claim alleged was defamatory in nature and thus likely subject to the one-year limitations period, the court would not rest its decision to dismiss solely on this ground "because of uncertainty regarding the application of Section 15–1–35").

The Fifth Circuit likewise was confronted with issues as to the reach of the statute. *See Rigby v. Roadway Exp., Inc.,* 680 F.2d 342, 344 (5th Cir.1982) (citing *Dennis* and stating, "[t]reating the pendent claim (for wrongful discharge) as a tort allegation, the Mississippi one-year statute of limitations on intentional torts of this nature has run"); *Suthoff v. Yazoo County Industrial Dev. Corp.,* 722 F.2d 133, 136 (5th Cir.), *cert. denied,* 467 U.S. 1206, 104 S.Ct. 2389, 81 L.Ed.2d 347 (1984) (holding that claim for abuse of process was barred by one-year statute of limitations).

In *Southern Land and Resources Co., Inc. v. Dobbs,* 467 So.2d 652, 654 (Miss. 1985), the Mississippi Supreme Court again entered the picture, and concluded that the catch-all six-year statute of limitations, Miss.Code Ann. § 15–1–49, rather than the one-year statute, applied to a claim for wrongful foreclosure "because an action for wrongful or fraudulent foreclosure is synonymous with the early common law action known as 'trespass on the case'." *Id.* at 655. The court observed that "[t]he policy in Mississippi has been to provide a short one-year statute of limitations for listed intentional torts and a long six-year statute of limitations for 'case' actions," *Id.,* and stated,

> From a review of the legislative history it is apparent that the policy of providing a one-year statute of limitations for listed intentional torts and a six-year statute for causes of action "upon the case" has been perpetuated in this state. Therefore, the wrongful or fraudulent foreclosure of property action constitutes a case action which should be governed by the six-year statute of limitations.
>
> Under the rationale of Dennis, which construes § 15–1–35 to provide an all-inclusive listing of the recognized intentional torts, and the rationale of *Bush v. City of Laurel, supra,* the trial court was in error in applying § 15–1–35 to this action. The only listed tort in the one-year statute of limitations that applies to real property is slander of title. This case is not a slander of title action.

*Id.*

The first case to consider a cause of action for intentional infliction of emotional distress was subject to the one-year stat-

ute of limitations was *Guthrie v. J.C. Penney Co., Inc.*, 803 F.2d 202 (5th Cir.1986), and the court held that it was. Although the plaintiff in *Guthrie* had argued that the Mississippi legislature intended that § 15–1–35 cover only the torts specifically listed, relegating all other torts to the catch-all provision, the Fifth Circuit noted that the case upon which the plaintiff relied, *Southern Land & Resources Co. v. Dobbs*, 467 So.2d at 654, had held "only that section 15–1–35 is confined to torts 'of the type enumerated'." *Id.* at 211. The court observed that the Mississippi case which had first recognized a cause of action for intentional infliction of emotional distress, *Lyons v. Zale Jewelry Company*, 246 Miss. 139, 150 So.2d 154 (1963), was "silent on which statute of limitations applies." *Id.* The Fifth Circuit recognized, though, that *Lyons* "involved debt collection," and that *Dennis*, which involved "facts similar to *Lyons* [,] was held to be a 'menace' case under the one-year statute of limitations." *Id.* The Fifth Circuit then affirmed this court's conclusion that a one-year statute of limitations applied to the claim for intentional infliction of emotional distress, finding persuasive this court's reasoning that intentional infliction of emotional distress is the same type of tort as menace. *Id.* at 211, 150 So.2d 154.

Not long after *Guthrie*, the Fifth Circuit again held that claims for intentional infliction of emotional distress and outrageous conduct were subject to the one-year limitations period. In *King v. Otasco, Inc.*, 861 F.2d 438 (5th Cir.1988), the plaintiff had been arrested and jailed on a warrant for an unpaid debt, and his children, following his arrest, were left alone at plaintiff's mobile for four days. Plaintiff alleged claims of false imprisonment and false arrest, intentional infliction of emotional distress, outrageous conduct, and, as next friend of children, for negligent infliction of emotional distress. The Fifth Cir-

cuit held that "although not explicitly listed in the one-year statute," the plaintiff's claims for intentional infliction of emotional distress and outrageous conduct were "undoubtedly intentional torts, and so closely analogous to the common law actions for assault, libel, and slanderous words that they too must fall within the statute's bar." *Id.* at 442. In contrast, the plaintiff's claims for negligent infliction of emotional distress and negligently causing his arrest were "more analogous to common law 'case' actions than to trespass actions," and hence governed by the catch-all statute of limitations. *Id.*

The issue before the Mississippi Supreme Court in *City of Mound Bayou v. Johnson*, 562 So.2d 1212 (Miss.1990), was whether claims of false arrest and malicious prosecution were covered by the statute. The court found that "[t]he false arrest issue [was] easy," as there was no perceptible difference between "false arrest" and the tort of "malicious arrest," which is enumerated in the statute. *Id.* at 1218. The court concluded that the tort of malicious prosecution was also covered by the statute, even though not specifically enumerated therein, because,

> The essence of the action [for malicious prosecution] is the defendant's malicious institution of criminal proceedings against plaintiff, absent probable cause therefor. Such an action is quite like unto at least three torts expressly enumerated in the statute: false imprisonment, *see Thornhill v. Wilson*, 504 So.2d 1205, 1208 (Miss.1987), menace, *Dennis v. Travelers Insurance Co.*, 234 So.2d at 626, and malicious arrest. If these three are subject to a one year limitations bar, what reason on principle may be offered for excluding malicious prosecution?

*Id.* at 1218–19; *see also King*, 861 F.2d at 442 ("guessing" that Mississippi Supreme Court would hold an action for the inten-

tional tort of false arrest governed by the one-year statute).

Two years later, in *Nichols v. Tri–State Brick and Tile Co., Inc.,* 608 So.2d 324 (Miss.1992), the court considered whether § 15–1–35 a claim for malicious interference with business relations was covered by § 15–1–35. The court made it clear in *Nichols* that the one-year statute in Miss. Code Ann. § 15–1–35 was not intended to cover all intentional torts; but the court recognized, as it had in *Dennis* and other cases, that where the conduct alleged may be categorized as one of the torts enumerated in the statute, the statute would be applicable. *Id.* at 332. On this point, the court stated,

> This Court has consistently held in many cases ... that where a statute enumerates and specifies the subject of things upon which it is to operate, it is to be construed as excluding from its effect all those not expressly mentioned or under a general clause, those not of like kind or classification as those enumerated.

*Southwest Drug Company v. Howard Brothers Pharmacy of Jackson, Inc.,* 320 So.2d 776, 779 (Miss.1975). Even a casual reading of the statute leads inescapably to the conclusion that it does not cover, and was not intended to cover, all intentional tortious conduct. Actions based on deceit and intentional damage to property are conspicuously absent. Surely such intentional wrongs were recognized intentional torts. The enumerated torts address damage to persons or their reputations exclusively. Miss.Code Ann. § 15–1–35 (1972). None of them addresses actions causing damage to property, tangible or intangible. *Id.*

Thus, in *Brister v. Dunaway,* 149 Miss. 5, 115 So. 36 (1928) this Court held the one-year statute inapplicable to an action for alienation of affections, a tort involving the intentional interference with marital relations. *See, Stanton v. Cox,* 162 Miss. 438, 139 So. 458 (1932). Similarly, in *Dunn v. Dent,* 169 Miss. 574, 153 So. 798 (1934) this Court noted without discussion that the six-year period of limitations in the predecessor to Miss.Code Ann. § 15–1–49 applied to an action brought for deceit by false representation as to the number of acres in a tract of land sold. In *Bush v. City of Laurel,* 234 Miss. 93, 105 So.2d 562 (1958), we refused to apply the one-year statute to an action in trespass. More recently, in *Southern Land & Resources Co., Inc. v. Dobbs,* 467 So.2d 652 (Miss. 1985), we applied the six-year rather than the one-year statute to an action for wrongful foreclosure.

*Clearly then, the fact that wrongful conduct is alleged to be intentional does not determine which statute controls. Dennis means no more than that the absence of a label is, similarly, not controlling. Where, as there, the conduct alleged may be fairly categorized as one of the enumerated torts, the one-year statute applies. Otherwise, it does not. We will not squeeze all intentional wrongs into the actions enumerated.*

*Id.* at 332–33. The court rejected the defendant's argument that the claim for malicious interference with business relations was time barred, stating,

> That claim simply does not fit with any of the enumerated torts in the statute. The closest fit is with slander of title. The gravamen of that cause of action, however, is a false statement concerning ownership of property. *Walley v. Hunt,* 212 Miss. at 304, 54 So.2d 393. The conduct here alleged is not of the type reached by that cause of action. [Thus, the plaintiff's] claims are not time barred by application of § 15–1–35 be-

cause its claims are not fairly embodied in any of the causes there enumerated. *Id.* at 333.

In the years following *Guthrie* and *King,* both before and after *Nichols,* the federal courts in Mississippi consistently held that claims for intentional infliction of emotional distress are subject to the one-year limitations period of § 15–1–35 on the basis that this claim is "fairly embodied" in one or more of the torts listed in the statute. *See Brown v. Dow Chemical Co.,* 777 F.Supp. 504, 507 n. 2 (1989) ("Negligence actions are governed by Miss.Code Ann. § 15–1–49 (Supp.1988), a six-year statute of limitations. Actions based upon an intentional infliction of emotional distress are controlled by Miss.Code Ann. § 15–1–35, a one-year statute of limitations."); *Watkins v. United Parcel Serv., Inc.,* 797 F.Supp. 1349, 1361 (S.D.Miss. 1992) (plaintiff's claim for intentional infliction of emotional distress in connection with discharge from employment was barred by one-year limitations period); *Campbell v. Jackson Business Forms Co.,* 841 F.Supp. 772, 774 (S.D.Miss.1994) (plaintiff's claim of intentional infliction of emotional distress held time-barred by Miss.Code Ann. § 15–1–35); *Malloy v. Sears, Roebuck and Co.,* No. 4:96CV157–EMB, 1997 WL 170313, at *2 (N.D.Miss. 1997) (claim for intentional infliction of emotional distress held barred by § 15–1–35); *Diggs v. Burlington Northern and Santa Fe Ry. Co.,* No. 1:00CV1–D–D, 2001 WL 588856, *4 (N.D.Miss.2001) ("The statute of limitations for intentional infliction of emotional distress claims in Mississippi is one year."). The Mississippi Court of Appeals had likewise held without hesitation, at least until recently, that the one-year statute of limitations applies to this tort. *See Air Comfort Sys. v. Honeywell, Inc.,* 760 So.2d 43, 47 (Miss.Ct.App.2000) (holding that statute of limitations for intentional infliction of emotional distress is one year).

In light of these numerous pronouncements on the issue, the answer to the question whether the one-year limitations period applies to claims for intentional infliction of emotional distress would be abundantly clear, and the court's quest would be at an end, were it not for a single, unexplained statement by the Mississippi Supreme Court in a 1996 opinion in *Norman v. Bucklew,* 684 So.2d 1246 (Miss.1996), which has recently come to the attention of the court. *Norman* was a case in which the plaintiff had previously filed a suit in federal court in which the federal court had dismissed certain state law claims with prejudice, and had dismissed "[t]he other state law claims, i.e., negligence, malicious prosecution, and intentional and/or negligent infliction of emotional distress claims, without prejudice." *Id.* at 1248. The Mississippi Supreme Court said that the dismissal of these claims "was of no preclusive affect to Norman refiling in state court," *id.,* and remarked,

> The negligence and intentional and/or negligent infliction of emotional distress claims are governed by the three-year statute of limitations. The events giving rise to these claims occurred on January 10, 1990. Thus, the three years would have expired on January 11, 1993. Norman filed his federal court claim or January 8, 1993, which would thus have tolled the statute of limitations when federal pendent jurisdiction was invoked. The fact that these claims were subsequently dismissed without prejudice does not prevent the statute of limitations from having been tolled previously. Accordingly, the state trial court erred in imposing the affirmative defense of three-year statute of limitations.

*Id.*

In its opinion dismissing the intentional infliction of emotional distress claim

against Schmidt in the case at bar, this court acknowledged that the opinion in *Norman* undeniably recites that "[t]he negligence and intentional and/or negligent infliction of emotional distress claims are governed by the three-year statute of limitations." This court noted, though, that "the court in *Norman* did not distinguish between the negligent and intentional infliction of emotional distress torts and instead lumped both together into the category of claims for 'emotional distress' damages." *Hervey v. Metlife General Ins. Corp.*, 147 F.Supp.2d 517 (S.D.Miss. 2001). Having again considered the import of *Norman* in the light of the jurisprudence that had developed on this issue, the court remains of the opinion that the Mississippi court's opinion in *Norman* does not mandate a result contrary to that reached in so many other cases, namely, that claims for intentional infliction of emotional distress are governed by the one-year statute of limitations of Miss .Code Ann. § 15–1–35.

At the time *Norman* was decided, the Mississippi Supreme Court had clearly held that while § 15–1–35 "does not cover, and was not intended to cover, all intentional tortious conduct," *Nichols,* 608 So.2d at 333, and will not apply to a claim which is not "fairly embodied in any of the causes" enumerated in the statute, *id.,* it had also recognized numerous times that the statute *does apply* to "conduct [which] may be fairly categorized as one of the enumerated torts," *id.* Moreover, at the time *Norman* was decided, there were two decisions from the Fifth Circuit and many more from the district courts of this state, holding that § 15–1–35 applied to actions for intentional infliction of emotional distress. And, in other in which the Mississippi Supreme Court had confronted issues as to the coverage of § .15–1–35, the court had conducted an analysis to determine whether the tort was "of a type" or in a category of a tort enumerated in the statute. *See, e.g., id.*

These circumstances would be enough in and of themselves to persuade this court that the Mississippi Supreme Court's statement in *Norman* grouping intentional and negligent infliction of emotional distress for limitations purposes was likely inadvertent. But particularly in view of that court's pre-*Norman* opinions in *Young v. Jackson,* 572 So.2d 378 (Miss. 1990), and *City of Mound Bayou v. Johnson, supra,* this court is convinced that the Mississippi Supreme Court did not intend to hold that the one-statute is not applicable to this tort.

In *Young v. Jackson,* the Mississippi Supreme Court stated plainly and unequivocally, "We have recognized that the one-year statute of limitations applies in invasion of privacy actions, the same as in actions for libel or slander." 572 So.2d at 382. In support of that declaration, the court cited footnote 7 of its opinion in *City of Mound Bayou. Id.* That footnote, which accompanied the Supreme Court's textual recognition of "the prescience of the United States District Court for the Northern District of Mississippi which in *Childers v. Beaver Dam Plantation, Inc.,* 360 F.Supp. 331, 333 (N.D.Miss.1973) and *Harvey v. Dunaway,* 461 F.Supp. 758, 759 (N.D.Miss.1978), held it was 'Erie bound' to enforce the one-year statute to an action for malicious prosecution." *City of Mound Bayou,* 562 So.2d at 1219, states, *in toto,*

> In *King v. Otasco, Inc.,* 861 F.2d 438, 442 (5th Cir.1988), the Court of Appeals 'guessed' that we would hold an action for intentional infliction of emotional distress subject to Section 15–1–35. In *Andrews v. GAB Business Services, Inc.,* 443 F.Supp. 510, 513 (N.D.Miss. 1977), the District Court held an invasion of privacy action similarly limited.

*But see Blackwell v. Hustler Magazine, Inc.,* 633 F.Supp. 870 (S.D.Miss.1986). *City of Mound Bayou,* 562 So.2d at 1219. In this court's opinion, given that the Mississippi Supreme Court considers that in this footnote 7, it was, in fact, "recogniz[ing], that the one-year statute of limitations applies in invasion of privacy actions," then *City of Mound Bayou* likewise

is properly viewed as standing for the proposition that the Mississippi Supreme Court has "recognized that the one-year statute of limitations applies [in intentional infliction of emotional distress] actions." [1]

The court in *Norman* did not acknowledge, much less address and reject all of this substantial precedent on the issue of the statute of limitations applicable to

---

1. The Mississippi Court of Appeals in *McCorkle v. McCorkle,* No.1999–CA–01711–COA, 2001 WL 19727 (Miss.App.2001), noted some of the cited authorities (although not *Norman* ), but failed to reach any resolution of the issue, and instead, merely recited that "[t]hough this cause of action [intentional infliction of emotional distress] may be subject to the one year statute, it is not necessary that we so hold in order to determine if Mack's cause of action was timely filed." 2001 WL 19727, at *4.

The court in *McCorkle* further indicated that it was unsure which statute of limitations applies to another tort, invasion of privacy, attributing its uncertainty to the "ambiguous results" of its review of Mississippi case law and that of the relevant federal district courts on the issue. *Id.* The *McCorkle* opinion, however, reflects a fundamental misunderstanding of the applicable jurisprudence.

The court recognized that the Mississippi Supreme Court had said in *Dobbs* that invasion of privacy may be included as a tort of a type enumerated in the statute, and it recognized that "a tort which is not expressly included in the statute but is of a similar type may be covered by the one year statute of limitation." *Id.* (citing *Guthrie* ). The *McCorkle* court was concerned, however, about the fact that the Northern District in *Mize* had expressed uncertainty over whether the one-year statute applied to invasion of privacy. The court in *Mize,* though, was only uncertain about the issue because this court in *Blackwell v. Hustler* had held that the one-year statute did not apply to a claim for invasion of privacy.

The *McCorkle* court acknowledged that the Mississippi Supreme Court had stated in *Young* that the one-year statute applied to such actions, and that the Supreme Court in doing so had cited *City of Mound Bayou,* and *Andrews v. GAB Business Services.* The *McCorkle* court, though, observed that *Black-*

*well v. Hustler Magazine, Inc.,* 633 F.Supp. 870, 871 (S.D.Miss.1986), had overruled *Andrews.* The *McCorkle* court also was aware that in a recent case, *Disney v. Horton,* No. CIV.A.2:99–CV–0138 at 7 (N.D.Miss. Apr. 14, 2000), the court had held that invasion of privacy was subject to the one-year statute, in reliance on *Young.* The *McCorkle* court considered that *Disney* 's reliance on *Young* was not well grounded, because the *Disney* court had, in *McCorkle* 's view, "overlook[ed] the fact that *Young* relied on *Andrews* which was overruled by *Blackwell.*"

Of course, the problem with that analysis is that a judge in the Southern District of Mississippi cannot "overrule" a case decided by the District Court for the Northern District of Mississippi (or even a case decided by another judge in the Southern District of Mississippi); and thus, *Blackwell* could not have overruled *Andrews.* Moreover, the Supreme Court in *Young* cited *Andrews* with approval, and suggested by the manner of its citation to *Blackwell* that *Andrews,* not *Blackwell,* had reached the correct decision. Indeed, in *Campbell v. Jackson Business Forms Co.,* 841 F.Supp. 772, 774 (S.D.Miss.1994), Judge Henry T. Wingate, one of the judges in this district, acknowledged that "[b]efore 1990, federal courts questioned which statute of limitations applied to invasion of privacy claims in Mississippi. The Mississippi Supreme Court resolved the dispute in 1990, conclusively stating that the one-year statute of limitations set forth in Miss.Code Ann. § 15–1–35 applies to common-law invasion of privacy claims."

Finally, and for purposes of completeness, this court would note that while the *McCorkle* court evidently thought that *Disney* was a Mississippi Supreme Court case, it plainly was not, and was instead decided by the United States District Court for the Northern District of Mississippi.

claims for intentional infliction of emotional distress. This court is convinced that the Mississippi Supreme Court would not have approached this issue in so cavalier a manner, with nothing more than an oblique reference, unaccompanied by explanation. Rather, the court must conclude that the reference in *Norman* was unintentional, and that consistent with all other authorities which predated and postdated *Norman*, the one-year limitations period applies.[2]

Accordingly, it is ordered that MetLife's motion to dismiss is granted.

---

**2.** The court realizes that its conclusion in this regard conflicts with the conclusion recently reached by Judge William H. Barbour on the question presented, *see Hubbard v. Mississippi Conference of United Methodist Church,* 138 F.Supp.2d 780, 780–81 (S.D.Miss. April 25, 2001) (concluding that "the applicable statute of limitations for [an] intentional infliction of emotional distress claim is three years," reasoning that "even though the Mississippi Court of Appeals decision [in *Honeywell*] is more recent, the Court must follow the holding of the highest Mississippi court, the Mississippi Supreme Court."). However, the undersigned relies for the conclusion that the one-year statute applies not simply upon a single decision of the Court of Appeals, *Honeywell,* but also on two Fifth Circuit decisions, *Guthrie* and *King,* on several opinions of the District Courts for the Northern and Southern Districts of Mississippi, including *Disney, Smith, Watkins, Campbell, Malloy* and *Diggs,* on the Mississippi Supreme Court's opinions in *Young* and *City of Mound Bayou,* and, just as significantly, on the Mississippi Supreme Court's failure to repudiate these holdings in *Norman.*