United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2007

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals*
*For The Fifth Circuit*

No. 06-60699
Summary Calendar

ROBERT EARL PIERCE

      Plaintiff - Appellant

      v.

THE CLARION LEDGER, an Operating Division of Gannett River States Publishing
Corporation; GANNETT COMPANY, INC; GRACE SIMMONS; ANA RADELAT;
GANNETT SATELLITE INFORMATION NETWORK, INC.,

      Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 4:05-CV-00075

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

      Robert Pierce appeals the district court's adverse summary judgment on his claims for

breach of contract, negligent infliction of emotional distress, and invasion of privacy. We

affirm.

      In April 2003, the *Clarion Ledger* reported that an internal memorandum from the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mississippi Bureau of Narcotics (MBN) alleged that Pierce had engaged in some inappropriate and unethical activities while working at the MBN. The allegations in the memo were unfounded. In March 2005, Pierce sued the Clarion Ledger and the other defendants, alleging libel, negligent infliction of emotional distress, and invasion of privacy. Pierce subsequently amended his complaint to add a breach of contract claim. The district court granted the defendants' motions for summary judgment as to all claims.

Pierce's breach of contract claim is based on his alleged status as a third party beneficiary to a contract between Frank Melton, director of the MBN, and Ana Radelat, a reporter for the *Clarion Ledger*. Pierce claims that Melton and Radelat had an oral contract wherein Melton promised to "leak" to Radelat a copy of the MBN internal memo implicating Pierce, and Radelat promised to keep the memo confidential and not print the information in the memo until the allegations had been thoroughly "checked out." Assuming without deciding that this would constitute a legally binding contract under Mississippi law, we hold that the record does not show the existence of such an agreement.

Pierce directs us to a portion of Melton's deposition where Melton states that he faxed a copy of the memo to Radelat. This evidence does not show that Radelat promised anything with regards to printing the information. There are other parts of Melton's deposition where he indicates that he had an "expectation" and an "understanding" that the allegations were "not for print." But Melton never says that Radelat promised not to print the allegations before substantiating them. For her part, Radelat indicated in her deposition that she did not make any such promise. Because the record is devoid of any evidence that Radelat provided

adequate consideration, Pierce cannot establish the existence of a contract between Melton and Radelat. The district court therefore properly granted the defendants' motion for summary judgment on Pierce's breach of contract claim because the contract fails for lack of consideration.[1]

Summary judgment is also appropriate for Pierce's negligent infliction of emotional distress claim. As we noted in *Mitchell v. Random House, Inc.*, there is no Mississippi precedent to support a claim for negligent infliction of emotional distress based upon a written, noncommercial publication.[2] Pierce has presented no authority indicating that our holding in *Mitchell* regarding Mississippi law is incorrect.

Finally, summary judgment is appropriate for Pierce's invasion of privacy claim because the claim is barred by the one-year statute of limitations. Pierce argues that his claim is subject to a three-year limitation period. But section 15-1-35 of the Mississippi Code provides that a one-year statute of limitations applies to "[a]ll actions for . . . slanderous words concerning the person or title . . . and for libels . . . ." Although a claim for invasion of privacy is not specifically enumerated in section 15-1-35, Pierce's claim is still subject to the one-year period because it is the same type of tort as those that

---

[1]*See Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) ("To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action.").

[2]865 F.2d 664, 672 (5th Cir. 1989).

are enumerated in the statute.[3] Pierce argues that Mississippi law is unsettled and that the question should be certified to the Mississippi Supreme Court. We disagree that the law is unsettled. Pierce cites one federal district court case that held that a three-year period applied.[4] Since that case was decided, however, numerous district courts have concluded that a one-year period applies.[5] This court has likewise reached the same conclusion.[6] Most importantly, the Mississippi Supreme Court agrees.[7] Because he brought his claim outside the one-year period of limitations, his claim is barred as a matter of law and summary judgment is appropriate.

We AFFIRM. The motion to certify is DENIED.

---

[3]*See Tichenor v. Roman Catholic Church of the Archdiocese of New Orleans*, 32 F.3d 953, 961 (5th Cir. 1994) ("Torts similar to those enumerated also are subject to the one-year limitations period.").

[4]*Blackwell v. Hustler Magazine, Inc.*, 633 F. Supp. 870, 871 (S.D. Miss. 1986).

[5]*See, e.g.*, *Hervey v. MetLife Gen. Ins. Corp. Sys. Agency*, 154 F. Supp. 2d 909, 916 n.1 (S.D. Miss. 2001); *Mize v. Harvey Shapiro Enters.*, 714 F. Supp. 220, 224 (N.D. Miss. 1989).

[6]*Tichenor*, 32 F.3d at 961.

[7]*See Young v. Jackson*, 572 So. 2d 378, 382 (Miss. 1990) (citing *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1219 n.7 (Miss. 1990) (noting the existence of contrary authority, but approving of authority holding that the one-year period applies)).